In re Benjamin BRAGER and Irma
Brager, Debtors.

Benjamin BRAGER and Irma
Brager, Plaintiffs,

v.

Hershal * BLUM and Helene Blum and
Johanna Farms, Inc. and Frankford
Quaker Grocery Co., Defendants.

Bankruptcy No. 81–02612G.
Adv. No. 82–1105G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 20, 1983.

Joseph S.U. Bodoff, Pincus, Verlin, Hahn, Reich & Goldstein, P.C., Philadelphia, Pa., for debtors/plaintiffs, Benjamin Brager and Irma Brager.

Jay G. Ochroch, Leonard P. Goldberger, Shelley V. Sodomsky, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for defendants, Herschel Blum and Helene Blum.

Barbara H. Sagar, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant, Johanna Farms, Inc.

Samuel M. Brodsky, Philadelphia, Pa., interim trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The threshold issue in the case *sub judice* is whether we can make a determination as to the secured status of a third lienholder's claim under section 506(a) of the Bankruptcy Code ("the Code") where no proof of claim has been filed (and subsequently allowed under section 502(a) of the Code) for

---

* The surname "Hershal" is obviously a typographical error and should have been spelled "Herschel". We have so corrected it in the opinion and order.

said claim pursuant to section 501. We conclude that the filing of debtors' complaint to determine the secured status of the third lienholder's claim constitutes a sufficient assertion of the third lienholder's claim and, therefore, the complaint itself triggers the application of section 506(a).

The facts of the instant case are as follows:[1] On July 6, 1981, Benjamin and Irma Brager ("the debtors") filed a petition for relief under chapter 13 of the Code and on March 24, 1982, the case was converted to a proceeding under chapter 7. On May 7, 1982, the debtors filed a complaint to determine the lien status under section 506(a) against Herschel and Helene Blum, Johanna Farms, and Frankford Quaker Grocery Co. (all possessors of liens against the debtors' residence), wherein they seek to have the claims of the aforesaid defendants declared unsecured and the accompanying liens avoided. On June 16, 1982, Herschel and Helene Blum, holders of a third lien against the debtors' residence ("the defendants"), filed a motion to dismiss the debtors' complaint on the grounds that said complaint failed to state a claim upon which relief could be granted because no proof of claim had been filed under section 501 for the claim held by the defendants and because there necessarily had been no determination as to the allowability of said claim under section 502(a). The defendants allege further that the debtors lack standing to bring the instant complaint.

We note at the outset that for purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, "the well-pleaded material allegations of the complaint are taken as admitted." *See* 2A Moore's Federal Practice ¶ 12.08 at 2266–67 (1982).

The defendants initially contend that we cannot make a determination as to the secured status of their claim under section 506(a) because no proof of claim has been filed for the claim held by the defendants and because there has been no determination as to the allowability of the claim pursuant to section 502. The defendants rely on the case of *In re Hotel Associates, Inc.,* 3 B.R. 340 (Bkrtcy.E.D.Pa.1980), wherein our colleague Judge King held that section 506(a) could not be utilized unless a proof of claim was filed pursuant to section 501 and subsequently "allowed" under section 502(a).[2] We think that Judge King overlooked that the filing of a proof of claim is permissive only, and is not required. It permits filing where some purpose would be served.[3] Section 506(a) of the Code provides:

(a) *An allowed claim* of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 502(a) of the Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a).

3. Section 501(a) of the Code provides that "[a] creditor or an indenture trustee *may* file a proof of claim. An equity security holder *may* file a proof of interest" (emphasis added). 11 U.S.C. § 501(a). *See also* Interim Bankruptcy Rule 3001, which provides:

Rule 3001. Proof of Claim or Interest in Chapter 11 Reorganization Cases

(a) List of Creditors and Equity Security Holders. The list of creditors and equity security holders prepared and filed with the court pursuant to Rule 1007(b) shall constitute prima facie evidence of the validity and amount of claims of creditors which are not listed as disputed, contingent, or unliquidated as to amount, and of interests. *Except as provided in subdivision (b)(3) of this rule with respect to claims, it shall not be necessary for the holder of such claim or interest to file a proof of claim or interest* (emphasis added).

allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest (emphasis added).

11 U.S.C. § 506(a).

We disagree with the view espoused in *Hotel Associates, supra,* and conclude, rather, that the rationale expressed by *Collier on Bankruptcy* is controlling. That analysis provides:

[I]t would seem that the word "allowed" refers to the status of the claim following application of section 506(a) and not as a condition precedent to it. It would seem that the trustee or the creditor could commence an adversary proceeding under Rule 701(a) to determine the extent of a lien regardless of whether or not the lienor had filed a claim. The complaint could be treated as sufficient assertion of a claim to trigger application of section 506(a).

3 Collier on Bankruptcy ¶ 506.07, at 506–22, 23 (15th ed. 1982).

Likewise, we conclude that a section 502(a) determination is not a prerequisite to an action to ascertain secured status under 506(a) and, consequently, we will deny the defendants' motion to dismiss the debtors' complaint based on that argument.

The defendants also contend that the debtors' complaint fails to state a claim upon which relief can be granted because said complaint seeks to avoid the defendants' lien pursuant to section 506 where there has been no prior determination of the "allowability" of the defendants' claim under section 502 as expressly required by section 506(d)(1).[4] While section 506(d)(1) does, in fact, contain such a provision, said section does not become operative unless and until it is first determined whether the lien sought to be avoided secures a claim

against the debtors that is not an "allowed secured claim" under section 506(a). Since we have previously concluded that the debtors' complaint does state a claim upon which relief can be granted under section 506(a) of the Code, the defendants' motion to dismiss on the basis of section 506(d)(1) is premature and inappropriate.

Finally, we fail to see, as the defendants maintain, how the instant debtors lack standing to bring a complaint under section 506 of the Code. The arguments proposed by the defendants go to the underlying merits of the section 506 complaint and the likelihood of success thereunder rather than to the debtors' right to institute said complaint. We find no merit in the defendants' position and we conclude, accordingly, that the debtors have standing to bring the section 506 complaint.

For all the reasons stated above, we will deny the defendants' motion to dismiss the debtors' complaint.

---

**4.** Section 506(d) of the Code provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

11 U.S.C. § 506(d).