**In re ATOKA AGRICULTURAL SYSTEMS, INC. Debtor.**

**Stanley J. SAMORAJCZYK, Trustee, Plaintiff,**

v.

**UNITED STATES of America, acting through the Farmers Home Administration, United States Department of Agriculture, Defendant.**

**Bankruptcy No. 80–00224–A.
Adv. No. 83–0106–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 25, 1984.

Ann E. Schmitt, Fairfax, Va., for Trustee.

Elsie L. Munsell, U.S. Atty., Eastern District of Virginia, Alexandria, Va., Bruce W. White, U.S. Dept. of Agriculture, Richmond, Va., for Farmers Home Administration.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises out of the filing of a complaint by the Trustee in Bankruptcy ("trustee") to set aside a lien. The lien is held by the Farmers Home Administration ("FmHA"), an agency of the United States Department of Agriculture. The issue for determination is whether FmHA's failure to file a proof of claim voids its otherwise valid lien. The FmHA, in a counterclaim, alleges that the trustee has breached his fiduciary duties enumerated under 11 U.S.C. § 704 by failing to turn over to FmHA property of the estate secured by the creditor's lien.

On March 8, 1978, Atoka Agricultural Systems, Inc. ("Atoka"), debtor herein, obtained a $68,370.00 emergency loan from FmHA. To secure the payment of the accompanying promissory note, Atoka executed a security agreement granting FmHA a security interest in all crops, certain farm equipment, animals, livestock, products or proceeds thereof and any replacements or additions thereto. A Financing Statement was filed with the Clerk of the Loudoun County Circuit Court, properly perfecting the security interest.

Debtor filed its petition in bankruptcy under Chapter 7 of the Bankruptcy Reform Act of 1978 ("the Code") on March 12, 1980. The first meeting of creditors was held on April 14, 1980. Pursuant to a notice dated the same day, certain of the debtor's assets subject to FmHA's lien were sold at public auction on April 26, 1980. The notice provided that the property would be sold free and clear of all liens, all valid liens and encumbrances attaching to the sale proceeds.

The FmHA had actual notice of the sale and, in fact, its representatives attended the auction, purchasing $18,175.00 in equipment subject to its lien. Additional equipment also subject to FmHA's lien was sold at the auction. The total proceeds from the sale were $76,661.00. This amount, less Court-approved disbursements, has been held in escrow in an interest-bearing account. The FmHA has not filed a Proof of Claim in these proceedings.

The trustee argues that because of FmHA's failure to file a Proof of Claim, its claim cannot be allowed. Additionally, because FmHA's lien secures a claim that is not an allowed secured claim, the lien is void. In support of his position, the trustee cites former Bankruptcy Rule 302(a) which required every creditor to file a Proof of Claim in order for the claim to be allowed. The Proof of Claim was required to be filed within six (6) months of the first date set for the first meeting of creditors.[1] Bankr.R. 302(e).

The determinative Code section of the matter *sub judice* is 11 U.S.C. § 506(d).[2] Although inartistically drafted, a close reading of subsection (d) and reference to the subsection's legislative history indicate that section 506(d) allows a valid pre-petition lien that has not been disallowed to survive the bankruptcy proceedings. *United Presidential Life Ins. Co. v. Barker*, 31 B.R. 145, 148 (N.D.Tex.1983) and cases cited therein. The House Committee Report states that "[s]ubsection (d) permits liens to pass through the bankruptcy case unaffected." 9 Bkr—L.Ed. Legislative History § 82:17, 369 (1979) *reprinting* H.Rep. No. 95–595, 95th Cong.,

---

1. At the time of the filing of debtor's petition, the former bankruptcy rules of procedure were in effect. Bankruptcy Rule 3002(c), which became effective on August 1, 1983, applies to all cases pending on that date. The time for filing proofs of claim under the new rules was reduced to ninety days. Bankr.R. 3002(c). The creditor failed to meet either deadline.

2. Section 506(d) of Title 11 of the United States Code states in pertinent part:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
> (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title...

11 U.S.C. § 506(d).

1st Sess. 357 (1977), U.S.Code Cong. & Admin.News, 1978, 5787, 6313.

Section 506(d) has been described correctly as an attempt of Congress to balance two competing interests: the right of a debtor to a fresh start and the right of a lienholder to be free of a deprivation of property without due process. 3 *Collier on Bankruptcy*, ¶ 506.07, 506–48 (15th ed. 1983). These interests are reconciled under section 506(d) which provides that only secured claims which have been disallowed may be avoided. 11 U.S.C. § 506(d)(1). If a party in interest does not request a determination of allowability and, as a result, the lienholder does not have his "day in court" to which he is entitled under section 506(d), the lien survives the bankruptcy. *See Matter of Pierce*, 29 B.R. 612, 613–14 (Bkrtcy.E.D.N.C.1983); *In re Spadel*, 28 B.R. 537, 539 (Bkrtcy.E.D.Pa.1983); *In re Weathers*, 15 B.R. 945, 949 (Bkrtcy.D.Kan. 1981).

Section 506(d) specifically refers to a lien securing a claim that "is not an allowed secured claim". The allowability of a claim is governed by 11 U.S.C. § 502. 3 *Collier on Bankruptcy* ¶¶ 506.04, 506–14 (15th ed. 1983). The only aspect of allowability which is determined under section 506 is the propriety of interest or other fees and costs which may be granted an oversecured creditor pursuant to section 506(b). 11 U.S.C. § 506(b). The condition precedent to a claim being allowed is the filing of a Proof of Claim under 11 U.S.C. § 501. The filing of a Proof of Claim constitutes a *prima facie* case as to the amount and validity of the claim. Bankr.R. 301(b); Bankr.R. 3001(f). A party in interest objecting to the claim has the burden of producing evidence to rebut the *prima facie* case. *In re Bradley*, 16 F.2d 301, 302 (S.D.N.Y.1926); *In re Friedman*, 436 F.Supp. 234, 237 (D.C.D.Md.1977).

There is no doubt that FmHA did not file a Proof of Claim. As a result, there is not even a *prima facie* case that FmHA's claim is allowable. *See Matter of Pierce*, 29 B.R. 612, 613–14 (Bkrtcy.E.D.N.C.1983); *In re Weathers*, 15 B.R. 945, 949

(Bkrtcy.D.Kan.1981). Both parties agree, however, that FmHA's claim is secured by a valid pre-petition lien. The instant situation is one which is directly addressed by section 506(d). Under section 506(d), a lien may be avoided only after a party in interest has requested that a court disallow the claim and the court does, in fact, disallow the claim. 11 U.S.C. § 506(d)(1). Additionally, it is clear that for section 506(d) to have any meaning the filing of a complaint under section 506(d) is not the request for determination contemplated by the section. Prior to the motion of the trustee to avoid FmHA's lien, there has been no request that this Court rule on the allowability of FmHA's claim. As a result, FmHA has not received its "day in court" as contemplated by Congress. To now avoid FmHA's lien without a prior hearing would be a violation of due process. For this reason, it would be improper for this Court to hold that FmHA's lien is void because of the lack of a Proof of Claim. It then must follow that FmHA's lien attaches to the proceeds of the auction held in escrow by the trustee.

The trustee argues that such a holding will allow creditors to frustrate the avoidance of their liens by the simple expedient of not filing a claim. This position ignores two basic premises. First, the filing of a Proof of Claim is clearly permissive under the Code. 11 U.S.C. § 501(a). Section 501(a) provides in pertinent part that: "[a] creditor or an indenture trustee *may* file a proof of claim." 11 U.S.C. § 501(a) (emphasis added). Thus, a secured creditor may remain aloof from the bankruptcy proceedings until such time as his security interest is formally challenged. *Matter of Pierce*, 29 B.R. 612, 614 (Bkrtcy.E.D.N.C. 1983). Second, the trustee ignores the fact that a debtor or trustee may file a Proof of Claim if the creditor fails to timely file. 11 U.S.C. § 501(c).

The trustee has attempted to proceed in this matter on the strength of his complaint as a substitute for the filing of a Proof of Claim. The trustee cites *In re Brager*, 28 B.R. 966, 966–67 (Bkrtcy.E.D.Pa.1983), as

authority for this position. The *Brager* decision was *contra* to an earlier opinion within the same jurisdiction, *In re Hotel Associates, Inc.*, 3 B.R. 340, 342 (Bkrtcy.E. D.Pa.1980), creating a split of authority. Both of the Eastern District of Pennsylvania decisions are primarily concerned with determining the extent of the secured status of allowed claims under 11 U.S.C. § 506(a).

In a situation in which a Proof of Claim had not been filed but the time for filing had not expired, Judge King in *Hotel Associates* held that section 506(a) may not be used until the allowability of the claim under section 502 had been determined. *In re Hotel Associates, Inc., supra* at 342. Judge King further held that a Proof of Claim must be filed as a prerequisite to determining allowability. *Id.* In the *Brager* decision, Judge Goldhaber ruled that the filing of a Proof of Claim was not necessary in implementing section 506(a). *In re Brager, supra* at 967–68. Judge Goldhaber pointed to section 501(a) of the Code which indicated that the filing of a Proof of Claim was permissive. *Id.* Judge Goldhaber went on to hold that the filing of a complaint to determine the secured status of a lienholder's claim is sufficient to trigger the application of section 506(a). *Id.* By analogy, the trustee argues that the rationale of the *Brager* decision can be applied to section 506(d).

This Court is not persuaded that the filing of a complaint to avoid a lien is equivalent to the filing of a Proof of Claim under section 502(a). In the case *sub judice,* the bifurcation of a claim into separate secured and unsecured components under section 506(a) is not in issue. *See Barash v. Public Finance Corp.,* 658 F.2d 504, 507 (7th Cir.1981). FmHA has a valid pre-petition lien and its claim is secured. In the instant case, the Court has only to determine whether the claim is a claim which is not allowed before turning to section 506(d). Reference to section 506(a) is not helpful in making a determination of allowability. Allowability is governed by section 502 and that section specifically refers to Proofs of Claim filed under section 501. 11 U.S.C. § 502(a); *see* Bankr.R. 301(b); Bankr.R. 3001(f). Thus, the trustee's reliance on the *Brager* decision is inappropriate in the instant case.

▆ In a counterclaim, the Farmers Home Administration charges the trustee with a breach of fiduciary duty because of the trustee's failure to turn over to FmHA proceeds covered by the creditor's lien. The trustee has a duty to liquidate an estate to provide for the widest distribution of assets to creditors. 11 U.S.C. § 704. In the absence of controlling precedent, the trustee was faced with conflicting judicial interpretations of the relationship between section 502 and section 506. Some of this confusion was caused by the unclear manner in which section 506(d) was drafted.

[8] Additionally, the creditor claims that the trustee also breached his fiduciary duty by failing to obtain court approval of the sale of the estate's assets. The trustee here was not required to seek court approval of the sale of the assets of an estate. A sale of assets not in the ordinary course of business may be conducted after notice and a hearing. 11 U.S.C. § 363(b). Barring an objection to the sale, which was lacking in the instant case, court approval of such a sale is not required. Bankr.R. 6004(e); Advisory Committee notes *reprinted in* App. 1 *Collier on Bankruptcy,* 1350 (15th ed. 1983).

This Court finds no basis upon which it could be held that the trustee has breached any fiduciary duty. Accordingly, the creditor's claim for costs on that basis must be denied.

For the reasons set forth above, the trustee's motion to avoid the Farmers Home Administration's lien is denied. Additionally, this Court finds no breach of fiduciary duty on behalf of the trustee and denies any award of costs to the creditor on that basis. The Farmers Home Administration's request to file a Proof of Claim is rendered moot by the above findings of this Court.

An appropriate Order will enter.