**In re Eva W. PAINTER, Debtor.**

**Eva W. PAINTER, Plaintiff,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SOUTH CAROLINA and John G. Leake, Trustee, Defendants.**

Bankruptcy No. 5–86–00482.
Adv. No. 5–87–0023.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

March 14, 1988.

---

Ellen M. Arthur, Lexington, Va., for debtor.

William R. Baldwin, III, Richmond, Va., for First Federal Sav. and Loan Ass'n of South Carolina.

Douglas T. Stark, Harrisonburg, Va., for trustee.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

This matter is before the court for decision upon the second amended complaint of Eva W. Painter (herein "Painter") against First Federal Savings and Loan Association of South Carolina (herein "First Federal") and the trustee, John G. Leake (herein "the trustee"). First Federal has filed a motion to dismiss under Bankruptcy Rules 7008(a)

and 7012(b) and has stated several grounds upon which it bases its motion. The only claim in Painter's second amended complaint that deals with the trustee is the fourth claim and it, by agreement of counsel, has been severed from the proceeding for separate hearing. Accordingly, this court must deal with the motion to dismiss of First Federal with respect to Painter's first and third claims.

### Facts

The controversy arises as a result of Painter's ownership of a certain piece of real property in Rockbridge County, Virginia, which is encumbered by two secured debts. The first lien deed of trust secures a debt held by Farmers Home Administration and the second deed of trust secures a debt held by First Federal. Painter asserts three claims against First Federal. The first claim is that First Federal is partially or wholly unsecured pursuant to 11 U.S.C. § 506. The second claim against First Federal is that it violated the automatic stay provisions of 11 U.S.C. § 362 by maintaining collection efforts after the debtor's filing. This claim is not the subject of any motion to dismiss by First Federal. The third claim against First Federal is that the second mortgage which it holds is subject to rescission and to statutory damages for failure to make a material disclosure as required by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

For its initial responsive pleading, First Federal has filed a motion to dismiss and has asserted the following as the grounds for dismissal:

1) First Federal asserts that Bankruptcy Rule 7008(a), which became effective August 1, 1987, requires that the plaintiff recite whether the proceeding instituted is a core or non-core proceeding.

2) The plaintiff, as debtor, does not have standing to assert any rescission under the Truth in Lending Act.

3) The complaint, as filed, fails to allege that First Federal is the holder of an allowed secured claim and since the time for filing proofs of claim has run, the debtor is barred from using 11 U.S.C. § 506(d) to "strip down" the second mortgage position of First Federal.

### Law

■ Bankruptcy Rule 7008(a) states, in part, as follows: "In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge." The provision just quoted became effective on August 1, 1987. The second amended complaint in this adversary proceeding was received and filed by the clerk's office on August 3, 1987. The certificate of service on the second amended complaint indicates that counsel for the plaintiff mailed a copy of the amended complaint to counsel of record on July 31, 1987. The court finds that the failure of the plaintiff to follow the portion of Rule 7008(a) quoted above is technical in nature and certainly not fatal to the complaint. To the extent necessary, leave shall be granted to the plaintiff to amend her complaint to comply with Bankruptcy Rule 7008.

■ The second ground asserted by First Federal for dismissal of the first claim of Painter's second amended complaint has more substance. First Federal asserts that Painter has failed to allege that it is the holder of an allowed secured claim and that it is a prerequisite under 11 U.S.C. § 506 that First Federal be the holder of an allowed secured claim in order for 11 U.S.C. § 506(d) to be operative. The relevant portions of 11 U.S.C. § 506(d) for the case at bar are as follows:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

. . . .

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 501(c) provides, "if a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

An examination of the court files reveals that the Painter case was noticed to creditors as an asset case and that the notice of the § 341 meeting contained a bar date for the filing of proofs of claim, which bar date was April 6, 1987. No First Federal claim was filed by any entity entitled to file such a claim by that date.

■ The debtor has cited *In re Brager*, 28 B.R. 966 (Bankr.E.D.Pa.1983), for the proposition that the debtor need not file a proof of claim. *Brager* holds that the filing of the complaint to determine lien status could be treated as an assertion of a claim. *Id.*, at 968. However, in the case at bar, the complaint was filed on May 11, 1987, after the bar date for objecting to claims. This Court holds that if the applicability of the *Brager* rationale is to be considered, the complaint which is to serve as the assertion of the claim must be filed before the bar date for filing claims.

*In re Atoka Agric. Systems, Inc.*, 39 B.R. 474 (Bankr.E.D.Va.1984), the bankruptcy court examined the issue of the necessity for the filing of a proof of claim in order to invoke the provisions of § 506(d). In *Atoka*, the court determined that § 506(d) was an attempt by Congress to balance the interests of the debtor to a fresh start against the right of a lienholder to be free of a deprivation of property without due process by providing "that only secured claims which have been disallowed may be avoided." Thus, "if a party in interest does not request a determination of allowability and, as a result, the lienholder does not have his day in court to which he is entitled under § 506(d), the lien survives the bankruptcy." *Id.*, at page 476.

■ It is necessary that some form of a timely proof of claim be filed before the issue of allowability can be raised. In the case at bar, no proof of claim was filed by any party in interest before the bar date; therefore, for purposes of § 506(d) the only known reason that First Federal's claim is not an allowed secured claim is due to the failure of any entity to file a proof of such claim. This brings First Federal's lien debt within the exception set forth in 11 U.S.C. § 506(d)(2). Accordingly, the first claim of Painter in her second amended complaint will be dismissed.

The third ground asserted by First Federal is directed at dismissal of Painter's third claim. The motion to dismiss recites that the cause of action is property of the estate and that the trustee is the only person with standing to assert the truth in lending claim.

Court records show that the truth in lending claim was abandoned by the trustee on July 8, 1987, after notice to all parties in interest. The abandonment was to the debtor. At oral argument, counsel for First Federal argued, in the alternative, that the abandonment had the effect of removing the third claim of Painter's amended second complaint from the jurisdiction of this court since the property was no longer property of the estate.

■ The court file shows that the debtor has filed a homestead deed in which she has exempted an interest in the truth in lending claim. Because the abandonment under 11 U.S.C. § 554 was an abandonment to Painter as the debtor, the property is no longer property of the estate and is property of the debtor. This court finds no basis for holding that the abandonment of property of the estate moot a claim in a pending adversary proceeding or remove the determination of that claim from the jurisdiction of this court.

■ With respect to the standing issue, the truth in lending claim asserted by Painter in her second amended complaint asserts, among other things, that the security interest of First Federal is void. 28 U.S.C. § 157(b)(2)(K) recites that core proceedings include "determinations of the validity, extent or priority of liens." The debtor, as a party in interest, may move to determine the validity of a lien under Bankruptcy Rule 7001.

■ 11 U.S.C. § 157(b)(3) permits the bankruptcy judge on his own motion to

 

determine whether a proceeding is a core proceeding under § 157. This court finds that the truth in lending claim asserted in the third claim of Painter in her second amended complaint is a core proceeding to be heard by this court. Accordingly, the motion to dismiss the third claim of Painter will be denied.

■ Finally, with respect to the truth in lending claim, there appears to be a genuine factual dispute as to whether or not the debtor has given proper written notice required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(2). Accordingly, First Federal's motion to dismiss for failure to give written notice as required by those statutes will be denied.

An appropriate order will enter to implement this memorandum opinion.

### ORDER

Entered at Harrisonburg in said District this 14th day of March, 1988:

For the reasons stated in the memorandum opinion of this court, a copy of which is attached hereto and made a part hereof, it is

### ORDERED:

That the motion to dismiss by First Federal Savings and Loan Association of South Carolina with respect to the first claim of the debtor in her second amended complaint is hereby GRANTED and the first claim is DISMISSED, and it is

### FURTHER ORDERED:

That the motion to dismiss by First Federal Savings and Loan Association of South Carolina with respect to the third claim of the debtor's second amended complaint be, and it hereby is DENIED, and it is

### FURTHER ORDERED:

That the debtor be, and she hereby is granted leave to amend her complaint to comply with the requirements of Bankruptcy Rule 7008(a); and it is

### FURTHER ORDERED:

That a pre-trial hearing with respect to claims no. 2 and 3 of the debtor's second amended complaint shall be held on *April 20, 1988, at 11:00 a.m., in the Circuit Courtroom, second floor, City Hall, Staunton, Virginia.*