**In re John P. McLAUGHLIN and Victoria L. McLaughlin a/k/a Vicci McLaughlin, Debtors.**

**Bankruptcy No. 88–03750–H7.**

United States Bankruptcy Court, S.D. California.

Nov. 2, 1988.

Allan B. Kinch, Escondido, Cal., for debtors.

Terrill K. Ashker, Dist. Counsel, Small Business Admin., San Diego, Cal., for Small Business Admin.

David F. Brown, Corbett & Steelman, Irvine, Cal., for creditor Bank of Newport.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is (1) whether Chapter 7 debtors may use 11 U.S.C. § 506(a) to value secured claims against their real property and (2) whether they may use 11 U.S.C. § 506(d) to void liens against their real property to the extent that the liens are undersecured.

The debtors argue that a Chapter 7 debtor has standing to use § 506(a) to determine the status of allowed secured claims, relying on *In re Brager*, 28 B.R. 966 (Bankr.E.D.Pa.1983).

The lienholders argue in opposition, relying on *In re Maitland*, 61 B.R. 130 (Bankr. E.D.Va.1986). The Chapter 7 trustee did not appear.

The matter is one of first impression in this circuit.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## FACTS

John and Victoria McLaughlin ("debtors") filed their Chapter 7 petition on May 11, 1988.[1] On the date the petition was filed, debtors owned real property with a claimed fair market value of $68,000, subject to the following encumbrances:

| | Creditor | Type of Lien | Approximate Amount | Date Recorded |
|---|---|---|---|---|
| 1. | David J. Williams[2] | Deed of Trust | $58,000 | 03/02/84 |
| 2. | D.S. Kane & Associates | Deed of Trust | $15,000 | 01/11/88 |
| 3. | Bank of Newport | Judicial | $12,500 | 01/26/79 |

---

1. Previously, Chapter 13 proceedings were dismissed March 21, 1988, in the Central District of California, and October 30, 1987, in the Southern District of California.

2. On August 20, 1980, the Small Business Administration ("SBA") advanced a direct physical disaster loan in the amount of $25,000 to David J. Williams, secured by a deed of trust encumbering the subject property, which at said time

In the schedules filed concurrently, the debtors claimed as exempt their real property. However, no sum was specified. The debtors subsequently amended their exemption schedule to claim as exempt equity of $3,175.

The debtors filed a motion pursuant to § 506(a) to determine the status of creditors holding liens secured by the subject real property. They also sought to avoid the liens of D.S. Kane & Associates, Bank of Newport, and the Small Business Administration, on the theory that the value of the security was far less than what would be sufficient to cover any interest that the lienholders, other than the first, might claim in the property and therefore being undersecured, the claims should be classified as unsecured. Even though alleging a fair market value of $70,000 for the subject property, the debtors argued that the court utilize the quick sale or foreclosure value of $35,000 in determining the status of the lienholders' claims.

Bank of Newport objected to the debtors' motion, contending that its judicial lien had first priority against the real property; that the valuation of the property should be based upon the highest and best use rather than the quick sale valuation; that a motion pursuant to § 506 was not an available remedy for the debtors; and that their judicial lien did not impair any exemption of the debtor.

Prior to the continued hearing, the parties stipulated to a fair market value of $77,000 for the property, and to the priority of the competing claims.

## DISCUSSION

Section 506(a) provides in pertinent part: (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent

of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The debtors rely on *In re Brager*, 28 B.R. 966 (Bankr.E.D.Pa.1983). The issue in *Brager* was whether the court could make a determination as to the secured status of a third lienholder's claim under § 506(a) where no proof of claim had been filed for said claim. The court held that the filing of the debtor's complaint to determine the secured status of the third lienholder's claim constituted a sufficient assertion of the third lienholder's claim, and that the complaint itself triggered the application of § 506(a).

In *Brager*, the Chapter 7 debtors filed a complaint to determine lien status under § 506(a) against holders of liens against the debtors' residence, wherein they sought to have the claims of the lienholders declared unsecured and the accompanying liens avoided. One of the lienholders filed a motion to dismiss complaint on the grounds that the complaint failed to state a claim upon which relief could be granted, and for lack of standing. The court found that the Chapter 7 debtors did have standing to bring the § 506 complaint. *Brager*, at 968.

The Bank of Newport, in its opposition, relies on *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va.1986) which held that in a Chapter 7 case, where the trustee has abandoned the property which is subject to the liens, the debtors have no standing to value and avoid the liens.

---

was owned by Williams. When Williams sold the property to the debtors, the SBA loan was still encumbering the property. Williams then "wrapped" the SBA loan and took a note back from the debtors for $55,800, which sum included the SBA loan.

This court concurs with the rationale in *Maitland.*

In *Maitland,* the Chapter 7 debtors filed an adversary proceeding to determine the validity, extent, and priority of claims. Before the filing of the complaint, the Chapter 7 trustee abandoned the subject real property because its value did not exceed the amount of the liens asserted against the property. The Maitlands also sought to declare the undersecured portions of the creditors' claims as void.

The *Maitland* court found that § 506(a) seemed:

> limited in its application to "property in which the estate has an interest," and it is clear that if the property never has been property of the estate or if property has been abandoned by the trustee as an asset of the estate, the estate does not have an interest which would allow for a § 506(a) determination.

*Maitland,* at 132.

In the case at bar, the debtors do not allege that the property is still a part of the bankruptcy estate. The subject real property was abandoned by the Chapter 7 trustee as an asset of the estate prior to the bringing of this motion.

Section 506(a) is intended to value claims against property which is going to be administered under the Code, not property abandoned or released. *Matter of Harvey,* 3 B.R. 608, 609 (Bankr.M.D.Fla.1980).

While § 506(a) may be applied to many issues,[3] it may not be used by a Chapter 7 debtor to determine the extent of allowed secured claims against the real property, nor may § 506(d) be used to void liens against the property to the extent they are undersecured where the property is no longer property of the estate. Section 506(a) is more properly to be used to:

> assist in the determination and distribution of funds of the estate to secured and unsecured creditors, to determine the

amount of a secured claim for purposes of confirmation of a plan of reorganization under Chapter 11 or Chapter 13, to determine the amount of adequate protection to which a creditor is entitled under § 361 and § 363(e) if cash collateral is to be used by the debtor under § 363(c)(2), or to determine the amount of the debtor's exemptions in encumbered property.

*In re Maitland,* 61 B.R. 130, 134 (Bankr.E. D.Va.1986).

Where, as here, the property is not to be administered as an asset of the estate, or for retention in a Chapter 11 reorganization or a Chapter 13 plan, then a determination of the extent of an allowed secured claim serves no statutory purpose, and amounts to a waste of precious judicial resources.

## CONCLUSION

As the subject real property was no longer an asset of the estate, the Chapter 7 debtors had no standing to utilize § 506(a) to determine the extent of allowed secured claims against their real property, nor could they use § 506(d) to void liens against the property to the extent they are undersecured. The motion of debtors is hereby denied.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052.

---

**3.** Issues as to the application of § 506(a) may arise and be litigated in the context for relief from the automatic stay, demands for adequate protection, disputes as to amounts required for redemption under § 722, requests by professionals for interim or final allowances, and objections to confirmation of Chapter 11 and 13 plans. 3 *Collier on Bankruptcy* para. 506.04, at 506–16 (15th ed. 1987).