**In re Mickie Jo EDWARDS, Debtor.**

**COMMERCIAL CREDIT PLAN, Plaintiff,**

**v.**

**Mickie Jo EDWARDS, Defendant.**

**Bankruptcy No. 89–20405–C.**
**Adv. No. 89–2048–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

March 15, 1990.

Janice A. Harder, Hindman, Scott & Goldstein, Columbia, Mo., for Commercial Credit.

Norman W. Lampton, Columbia, Mo., for debtor/defendant.

Jack E. Brown, Columbia, Mo., Trustee.

---

## MEMORANDUM OPINION

**FRANK W. KOGER, Chief Judge.**

Mickie Jo Edwards filed her petition for relief under Chapter 7. Commercial Credit Plan, Inc. duly filed its complaint under 11 U.S.C. § 523(a)(2)(B) praying that its debt be determined nondischargeable. Debtor filed a Motion To Dismiss on the grounds that said complaint does not comply "in any respect with the requirements of Rule 7008 of the United States Bankruptcy Rules". The Court interprets the pleadings, the motion and the aforesaid rule to indicate that debtor was claiming that: "plaintiff forgot to allege that the subject matter of the complaint was a core proceeding and forgot to state the jurisdictional ground for the complaint". Commercial Credit took it the same way and filed a Motion For Leave To File First Amended Complaint alleging jurisdiction under 28 U.S.C. § 1471 and that the matter was "core" in nature. The Court pursuant to Rule 7015, allowed said amendment and debtor now complains that the Court should not have allowed said amendment.

Debtor's reasoning proceeds as follows:

1. Commercial Credit had to file its complaint within 60 days of the § 341 meeting.

2. Until it alleged jurisdiction and that its complaint was core in nature, it did not file a complaint.

3. To allow it to amend after the 60 days has passed allows it to file a complaint after the permissible time has expired.

4. The Court may not extend the 60 day time frame except upon motion made before the original time has expired.

5. Therefore, to allow the amendment is beyond the power of the Court.

The Court does not agree.

At least one court has concluded that the plaintiff's failure to follow the portion of Rule 7008(a) set forth above is technical in nature and not fatal to the complaint. *In re Painter*, 84 B.R. 59 (Bankr.W.D.Va. 1988). In agreeing with that conclusion, it seems to this Court that the mandate of Rule 7008(a) is clear and omission of the "core proceeding" designation while potentially fatal, is not a mortal wound to the complaint but what can be healed through the amendment process of Rule 7015.

Notwithstanding the omission of the "core proceeding" designation, Commercial Credit's first nondischargeability pleading is properly classified as a complaint insofar as it satisfies all other requirements of Rule 7008. Thus, the complaint is a pleading to which Rule 7015 applies.

In an uncontested matter, a party has a right to amend its pleading at any time prior to the time when a responsive pleading is served, or within 20 days after the pleading is served in certain other situations. Bankruptcy Rule 7015. Otherwise, a party may amend its pleading only by leave of court or written consent of the adverse party. Leave shall be freely given "when justice so requires".

Case law interpreting Rule 7015 seems strangely silent on when to allow amendment of the jurisdictional provisions of Rule 7008. However, counsel have directed this Court's attention to *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) as relevant authority. The Supreme Court's discussion of when to allow an untimely amendment under F.R.C.P. 15, on which Rule 7015 is based, is illuminating.

Justice Goldberg, writing for the Court, explained that if the underlying facts relied on by a plaintiff are a proper subject for relief, the plaintiff should be afforded the chance to amend and test its claim on the merits. Absent any apparent reason, such as undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend should, therefore, be freely given. *Foman*, supra 371 U.S. at 182, 83 S.Ct. at 230. Lacking a good reason to refuse amendment, it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities". Id. at 182, 83 S.Ct. at 230.

While mistakes in war "are always paid

for in casualties,"[1] missteps in following procedural court rules need not be so lethal. In light of the fact that no factors of "undue" prejudice have been shown by the debtor, leave to amend is hereby confirmed. Not only is the spirit of *Foman* so served, but by allowing amendment a decision on the merits of the complaint is not avoided on a mere technicality.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

1. Charles de Gaulle, Infantry School Quarterly (April 1953).