70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Minnie BUTLER, Moody H. Davis, Patricia Davis, and the Burk
B. Roberts Trust, Plaintiffs-Appellants,
v.
Stuart D. SHANOR, Trustee, Defendant-Appellee.
 No. 94-2198.
 United States Court of Appeals, Tenth Circuit.
 Nov. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE and LOGAN, Circuit Judges, and O'CONNOR, District Judge.[2]
 MOORE, Circuit Judge.
 
 
 1
 This appeal arises from an ongoing dispute between Stuart D. Shanor, Chapter 7 Trustee of the bankruptcy estate of Bellamah Community Development, and Minnie Butler, Moody H. Davis, Patricia Davis, and the Burk B. Roberts Trust (The Davis Group). The Davis Group held the first consensual lien on property which was part of the bankruptcy estate. Over the Davis Group's objection, Mr. Shanor, as trustee, abandoned the property with the bankruptcy court's approval. The Davis Group challenged the trustee's ability to abandon the property and his responsibility for paying the ad valorem taxes which had accrued against the property during the pendency of the bankruptcy proceedings. The Davis Group contends the bankruptcy and district courts erred in denying their challenge. We disagree and affirm.
 
 
 2
 The instant case began when Mr. Shanor filed an adversary action in the United States Bankruptcy Court for the District of New Mexico seeking a declaratory judgment that his failure to pay the ad valorem taxes on the abandoned property was appropriate. After concluding it had jurisdiction over the dispute as a core proceeding, 29 U.S.C. 157(b)(2), the bankruptcy court granted the declaratory judgment by summary judgment. The Davis Group appealed this decision to the district court.
 
 
 3
 Rather than conducting its own review, the district court referred the appeal to a magistrate judge. The magistrate judge recommended the bankruptcy court be affirmed. The district court adopted the magistrate's proposed findings of fact and recommendation as its final order. The Davis Group now appeals that decision.
 
 
 4
 The underlying facts are well known to the parties, and they need not be reiterated for the purpose of this disposition. We are called upon to determine whether the bankruptcy court properly exercised its jurisdiction and whether the ad valorem taxes on the Davis Group property became an expense of administration which the trustee was obligated to pay. We conclude there was jurisdiction and that the ad valorem taxes never became a burden of the estate.
 
 
 5
 We review a grant of summary judgment de novo, applying Fed.R.Civ.P. 56 identically as the district court. Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 796 (10th Cir.1993). On appeal, all the evidence is considered in the light most favorable to the non-moving party. Applied Genetics Int'l v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate only if there is no genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986).
 
 
 6
 The bankruptcy code provides, in relevant part:
 
 28 U.S.C. 157. Procedures
 
 7
 ....
 
 
 8
 (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
 
 
 9
 (2) Core proceedings include, but are not limited to--
 
 
 10
 (A) matters concerning the administration of the estate;
 
 
 11
 ....
 
 
 12
 and
 
 
 13
 (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
 
 
 14
 "Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." In re Gardner, 913 F.2d 1515, 1518 (10th Cir.1990) (per curiam) (citations omitted). In this case, the trustee sought a declaratory judgment to clarify his responsibility for paying ad valorem taxes on property that passed through the estate. Because the Davis Group asserted the payment of the ad valorem taxes were a burden upon the estate and payable as an administrative claim, it is unassailable that the issues raised were "matters concerning the administration of the estate," and matters "affecting the liquidation of the assets of the estate." 28 U.S.C. 157(2)(A) and (O). Thus, the bankruptcy court had jurisdiction to issue a final order and judgment in this case pursuant to section 157(b)(1).
 
 
 15
 The Davis Group also argues that the bankruptcy court should have exercised its discretion not to grant declaratory relief because of the pendency of other litigation between the parties in another forum. Whether the declaratory action should be entertained is a matter committed to the exercise of the sound discretion of the trial court. Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir.1989) (citing Alabama State Fed'n of Labor v. McAdory, 325 U.S. 450, 462 (1945)). There was no abuse here because the trustee's duties are defined by the Bankruptcy Code, the interpretation of which is within the jurisdiction of the bankruptcy court. Therefore, we believe the existence of another lawsuit outside the bankruptcy forum is not a reason for the bankruptcy court to defer the exercise of its lawful authority.
 
 
 16
 The Davis Group next argues the trustee had the obligation to pay the ad valorem taxes which accrued on the property prior to abandonment. They predicate their argument upon the belief the trustee was operating the debtor's business; consequently, he became responsible for the ad valorem taxes that accrued during that operation. 28 U.S.C. 959 and 960.
 
 
 17
 While we agree an operating trustee is subject to those provisions, In re Kaiser Steel Corp., 87 B.R. 662, 665 (Bankr.D.Colo.1988), nothing in the record suggests they are applicable here. Although the Davis Group argues the issue of whether the trustee was operating the debtor's business is contested, there is no apparent disagreement over the underlying facts.
 
 
 18
 It is undisputed the trustee attempted to sell the property in which the Davis Group held an interest as he did all the property which came into the estate. The Davis Group contends that because the debtor was in the business of selling property, the trustee must have been operating that business. Their contention belies a fundamental misunderstanding of the role of a trustee in bankruptcy.
 
 
 19
 Among the principal duties of a liquidating trustee is the obligation to marshal the assets of the estate and dispose of them in a manner that will best protect the interests of the entire estate. 11 U.S.C. 544. That is what the trustee did in this case. Although he ultimately abandoned the Davis Group property, he initially attempted to liquidate it for the benefit of the estate. That effort does not constitute the operation of the debtor's business.
 
 
 20
 Moreover, the simple fact the trustee obtained the court's authority to operate the business is not evidence he did so. Nothing is suggested by the Davis Group indicating the trustee stepped in the debtor's shoes and operated the business the debtor conducted prior to bankruptcy.
 
 
 21
 More fundamentally, the abandonment of the property by the trustee under 11 U.S.C. 544 excludes it from the burden of administration as part of the assets of the estate. We have said:
 
 
 22
 Property abandoned under this section ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition had been filed. Following abandonment, "whoever had the possessory right to the property at the filing of bankruptcy again reaquires that right." Abandoned property is not property administered by the estate.
 
 
 23
 In Re Dewsnup, 908 F.2d 588, 590 (10th Cir.1990) (per curiam) (citations omitted and emphasis in original), aff'd 502 U.S. 410 (1992). Other courts have followed this general rule that abandonment of estate property nullifies its previous relationship to the bankruptcy estate. See In re Argiannis, 156 B.R. 683, 688 (Bankr.M.D.Fla.1993); In re J.A.V. AG., Inc., 154 B.R. 923, 926 and n. 5 (Bankr.W.D.Tex.1993); In re Wilson, 94 B.R. 886, 888 (Bankr.E.D. VA 1989); In re McGowan, 95 B.R. 104, 106 (Bankr.N.D.Iowa 1988); In re Painter, 84 B.R. 59, 62 (Bankr.W.D. VA 1988).
 
 
 24
 On its face, this general rule of the effect of abandonment governs the resolution of this case. It is simply unarguable that because the estate no longer possessed any interest in the property it had no responsibility to pay the ad valorem taxes. Yet, even if abandonment had not occurred, the results might still be the same.
 
 
 25
 As the trustee explains, in bankruptcy proceedings the payment of ad valorem taxes is subject to two basic approaches. If the trustee liquidates the property, the accumulated taxes could be paid as an administrative expense. 11 U.S.C. 503(b)(1)(B) and 507(a)(7)(B). However, because ad valorem taxes are a burden upon, and follow the property, the second approach would be to reduce the liquidating price of the property to reflect the amount of the tax lien and convey the property subject to the taxes. In such a transaction, the purchaser becomes liable for the ad valorem taxes.
 
 
 26
 The Davis Group ignores these distinctions and insists there is no alternative but for the trustee to pay the ad valorem taxes that accumulated while the property was part of the bankruptcy estate. Of course, this is tantamount to shifting the burden of the tax to the unsecured creditors of the estate to free the Davis Group from the lien that follows the property.
 
 
 27
 It is fundamental the trustee had no authority to pay the ad valorem taxes in this case because there was no request for payment by the taxing authorities. 11 U.S.C. 503(a). Under this section, it is the taxing authority, not the creditors, that determines the potential liability of the bankruptcy estate for the payment of ad valorem taxes. Thus, although assessed against property administered by the estate, the ad valorem taxes never became an expense of administration in this estate because no such request was ever made.
 
 
 28
 Additionally, the Davis Group contention also ignores 11 U.S.C. 502(b)(3). Because the amount of the liens on the Davis Group property exceeded its value, this section would have barred the payment of these ad valorem taxes as a claim against the estate.
 
 
 29
 It is further noteworthy the Davis Group could have protected itself from the accumulation of tax liens during the early stages of the bankruptcy proceeding by seeking abandonment, or by requesting the bankruptcy court to grant it relief from stay so it could enforce its own lien. It did neither. Instead, it followed the unusual step of seeking to intervene in an attempt by the holder of the second consensual lien to obtain relief from stay. After rejection of this effort, the Davis Group abandoned its appeal from the denial. We therefore conclude the Davis Group has demonstrated no equitable reason why the unsecured creditors should bear the burden of taxes upon the abandoned property ultimately coming into the hands of the Davis Group.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Earl E. O'Connor, Senior District Judge for the United States District Court for the District of Kansas, sitting by designation