## In re BRADLEY.

(District Court, S. D. New York. December 9, 1926.)

1. **Bankruptcy** ⊜⟼346—Statute held to authorize bankruptcy court to determine amount and legality of taxes against bankrupt's estate (Bankruptcy Act, § 64a [Comp. St. § 9648]).

Bankruptcy Act, § 64a (Comp. St. § 9648), authorizes bankruptcy court to determine amount and legality of taxes claimed against bankrupt's estate by federal, state, or municipal government.

2. **Bankruptcy** ⊜⟼340—Filing by city of verified claim for taxes is prima facie proof of claim, requiring evidence to overcome it.

Though burden of proving claim against bankrupt's estate is on claimant, filing by city of verified claim for personal property taxes is prima facie proof of claim, overcome only by evidence that bankrupt did not have property on which tax was based, and mere interposition of objection is insufficient.

3. **Bankruptcy** ⊜⟼340—Prima facie case made out by verified proof of claim for personal property taxes against bankrupt held not overcome.

Evidence *held* insufficient to overcome prima facie case made out by city's filing of verified proof of claim for personal property taxes against bankrupt's estate.

In Bankruptcy. In the matter of William Bradley, bankrupt. On petition to review an order of a referee in bankruptcy denying the trustee's motion to expunge claims for personal property taxes against bankrupt, filed on behalf of the City of New York. Order of referee affirmed.

George P. Nicholson, Corp. Counsel, of New York City (Emmet J. Murphy, of New York City, of counsel) for city of New York.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst and Alfred J. Loew, both of New York City, of counsel), for trustee.

GODDARD, District Judge. This is a petition to review the order of the referee in bankruptcy, denying the trustee's motion to expunge five claims filed on behalf of the city of New York for personal taxes as-

sessed against the bankrupt for the following years and in the following amounts, based on their respective valuations, with interest:

| Year. | Valuation. | Amount. |
|---|---|---|
| 1915 | $15,000.00 | $ 280.50 |
| 1916 | 15,000.00 | 306.00 |
| 1917 | 15,000.00 | 303.00 |
| 1918 | 50,000.00 | 1,165.00 |
| 1919 | 50,000.00 | 1,160.00 |

The trustee moved to expunge these claims, on the ground that the bankrupt was the owner of no personal property in the city of New York subject to the personal property tax. The usual verified proofs of claims for the respective amounts were duly filed in behalf of the city with the referee.

Mr. James A. Lynch, the former attorney for the bankrupt, who was called on behalf of the trustee, was the only witness who testified before the referee; the city offering no further evidence, except that it introduced transcripts from the annual record of the assessment valuations of real and personal property in the borough of Manhattan, and a transcript of the assessment rolls of the borough of Manhattan for the said years, together with a copy of the warrant from the board of aldermen to the receiver of taxes, and the certificate of the commissioner of taxes and assessments annexed to said assessment roll, all duly authenticated.

[1] Section 64a of the Bankruptcy Act (Comp. St. § 9648) reads as follows:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, and upon filing the receipts of the proper public officers for such payment he shall be credited with the amount thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

This section authorizes the bankruptcy court to determine the amount and legality of taxes claimed against a bankrupt's estate by the federal government, by a state, or municipality. State of New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284; In re E. C. Fisher Corp. (D. C.) 229 F. 316; In re Heffron Co. (D. C.) 216 F. 642; In re W. P. Williams Oil Corp. (D. C.) 265 F. 401; In re Sheinman (D. C.) 14 F. (2d) 323.

[2] The filing of the sworn proofs of claims by the city amounted to prima facie cases, and no additional proof was required to be produced, unless some evidence contradicting it was produced by the objector. In re Hannevig (C. C. A.) 10 F.(2d) 941.

While the burden of proving a claim rests on the claimant, the claimant had made out a prima facie case when it filed the verified proof of claim, and it then became incumbent upon the trustee to show wherein the claim was invalid if he could do it. In other words, the city had established prima facie that the taxes due from the bankrupt amounted to the sum specified in the verified claim, and that, if the trustee failed to prove that the bankrupt did not have the property on which the tax was based, the claimant's prima facie case would stand, and the taxes would have to be paid, or so much of them as appeared to be due under the prima facie case. As I understand the law and one of its results, if a claim for taxes in the proper verified form is filed, and no objection is made to it, the claim will be regarded as valid. But if, for instance, the trustee learns that the bankrupt had owned no taxable property, or owned less property than he had been taxed upon, and because of carelessness or other reasons had taken no steps to have the tax corrected, the trustee could then offer such testimony before the referee, and the referee would have the power to determine what amount of tax, if any, was due. In Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584, Mr. Justice Holmes, in the opinion of the court, holding that a sworn proof of claim against the bankrupt is prima facie evidence of its allegations in case it is objected to, states:

"The alternative would be that the mere interposition of an objection by any party in interest (section 57d [Comp. St. § 9641]) would require the claimant to produce evidence. For if the formal proof is no evidence a denial of the claim must have that effect. If it does not, then the formal proof is some evidence even when there is testimony on the other side. The words of the statute suggest, if they do not distinctly import, that the objector is to go forward, and thus that the formal proof is evidence even when put in issue. The words are: 'Objections to claims shall be heard and determined as soon,' etc. Section 57f [Comp. St. § 9641]. It is the objection, not the claim, which is pointed out for hearing and determination. This indicates that the claim is regarded as having a certain standing already established by the oath. Some force also may be allowed to the word 'proof' as used in the act. Convenience undoubtedly is on the side of this view. Bankruptcy proceedings are more summary than ordinary suits."

[3] Without quoting at length the testimony of Mr. Lynch, called by the trustee, the substance of it is that he could not state definitely what the personal property or how much, if any, the bankrupt owned in New York during the years in question, and such testimony does not contradict the city's prima facie case. If the position of the referee was to determine whether taxes were due, and, if so, how much, solely from Mr. Lynch's testimony, no tax could have been based upon it. But the position of the objector was to show that the verified claim of the tax official was wrong, if he could, and this Mr. Lynch's testimony did not do.

Accordingly, the referee was right.