

Without in any way attempting to define the situations in which a private sale might be permitted, by way of example it might be said that private sale of perishables obviously should be permitted under some circumstances.

However, in order to establish a basis of permitting any sale of bankrupt property other than by public auction in this Court, it is necessary to assert real and compelling reason. No sufficient reason appearing in this case for a departure from the established practice of this Court, I have no alternative but to grant the petition for review, and overrule the Order of the Referee in Bankruptcy.

It is therefore ordered, adjudged, and decreed that the Order of the Referee in Bankruptcy dated July 26, 1952 be and hereby is reversed and the matter is remanded to the Court below for an order in accordance with this opinion.

Samuel Newfield, New York City, for debtor.

WEINFELD, District Judge.

The debtor seeks to review a Referee's order denying its motion to expunge a portion of a tax claim filed by the United States. The total proof of claim filed by the Government amounts to $4994.13 of which $3261.05, based upon deductions by debtor for travelling, entertainment and general business expenses for the years 1945, 1946 and 1947, is at issue.

There is no doubt that the burden of establishing the claim rests upon the Government. The filing of a sworn proof of claim is sufficient to establish a prima facie case. It "compels the objector to go forward and produce evidence enough to rebut the claimant's *prima facie* case. (O)nce this is achieved, it is for the claimant to prove his claim, not for the objector to disprove it."[1] These principles are applicable to tax claims asserted by the Government.[2] Indeed great weight is attached to the effect of the Government's proof of claim in such cases.[3]

In the instant case, the Debtor failed to meet its burden of going forward with sufficient evidence to rebut the prima facie

## In re GORGEOUS BLOUSE CO., Inc.

United States District Court
S. D. New York.

July 24, 1952.

---

1. 3 Collier on Bankruptcy: 14th Edition, pp. 232–233.

2. 3 Collier on Bankruptcy: 14th Edition, p. 2173; In re Clayton Magazines, Inc., 2 Cir., 77 F.2d 852.

3. In re Garfield Bag & Stationery Co., D.C., 42 F.Supp. 708; In re Lang Body Co., 6 Cir., 92 F.2d 338; In re Raflowitz, D.C., 37 F.Supp. 202; In re Bradley, D. C., 16 F.2d 301.

case established by the sworn proof of claim. Many of the checks were drawn to the order of cash and an officer of the Debtor conceded that in fact he did not know the proceeds were expended for travelling and entertaining in furtherance of the business of the Debtor. He merely testified that the amounts deducted for these items were recorded on the corporate books and that it was the usual custom of the business to so record them. No amplification was made of these statements and the Debtor rested thereon. Although the witness testified that he had vouchers, bills, receipts and documents to substantiate the claimed payments in his possession, he failed to produce them, notwithstanding the request of the Referee for their production. Thus the debtor failed to negate the prima facie case of the Government.[4] The fact that the tax agent allowed more than 90% of the claimed deductions in the absence of complete substantiation of some of the items does not aid the Debtor. It does indicate a generous approach in permitting such deductions.

The Referee's order is affirmed.

## KISTLER v. COLEMAN.

### Civ. A. 10552.

United States District Court
W. D. Pennsylvania.

July 18, 1952.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

Frank Reich, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before this Court on application for preliminary injunction.

On or about December, 1945, plaintiff and defendant entered into an oral agreement of partnership, by the terms of which they associated themselves as partners under the firm name of Coleman Motor Company, carrying on a new car automobile sales agency. A dispute has arisen between the partners as to a proper accounting and segregation of assets, which is now pending before this Court for determination.

Relief is sought by way of enjoining defendant from selling, transferring, conveying, mortgaging, encumbering or otherwise disposing of real estate now vested in the Coleman Motor Company, a partnership, other real estate, contiguous thereto which is in the individual name of defendant, and a franchise held by the Coleman Motor Company with Studebaker Motor Corporation.

A temporary restraining order was issued on June 19, 1952 by my associate, the Honorable Rabe F. Marsh, Jr., which this member of the court extended until ad-

---

4. Cohan v. C. I. R., 2 Cir., 39 F.2d 540; Rugel v. C. I. R., 8 Cir., 127 F.2d 393.