## In re STANDARD JOHNSON CO., INC., Debtor.

### Bankruptcy No. 183–30241–352.

United States Bankruptcy Court, E.D. New York.

July 15, 1986.

Richard J. McCord, P.C., Glen Cove, N.Y., for debtor.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City Dept. of Finance, New York City, Fred Ringel.

OPINION

MARVIN A. HOLLAND, Bankruptcy Judge:

The debtor moves to reclassify to general unsecured status that portion of the claim filed by the City of New York Department of Finance which seeks priority treatment for pre-petition interest associated with New York City's General Corporation and Commercial Rent or Occupancy Taxes. The debtor relies on the authority of *In Re Razorback Ready-Mix Concrete Co.,* 45 B.R. 917 (Bkrtcy.E.D.Ark.1984) which holds that 11 U.S.C. § 507 does not provide for priority treatment of pre-petition interest on tax claims.

The claimant resists, on the authority of a line of cases culminating in *In Re Treister,* 52 B.R. 735 (Bkrtcy.S.D.N.Y.1985)

---

which hold that the pre-petition interest accrued on a pre-petition tax claim must be given the same priority treatment as the underlying claim.

On February 8, 1983, Standard Johnson Co., Inc. filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. The City of New York, Department of Finance filed a proof of claim for $4,200.00 on April 6, 1983. The claim was amended and reduced to $2,668.91 on September 19, 1983. The amended claim lists the basis of the claim as Commercial Rent or Occupancy Tax 371–3, 73 Pacific Street, Brooklyn, New York for the period of time 3/1/79 through 2/8/83 in the principal amount of $1,984.50 with interest in the amount of $359.82 for a total of $2,344.32; and New York City General Corporation Tax for the period 1/1/79 through 12/31/82, in the principal amount of $306.14 together with interest of $18.45 for a total of $324.59.

The thrust of the debtor's argument is directed towards a determination of whether or not the interest accrued on these pre-petition taxes is to be accorded the same priority as the tax itself. This court finds itself unable to address the debtor's argument because the extent, if any, to which the *tax itself* is entitled to priority status is not clear.

11 U.S.C. § 507 is the principle Code section enumerating the types of claims and expenses which should be given priority status. Section 507(a)(7) is the section that delineates the types of taxes given priority treatment. Only those taxes specifically listed in § 507(a)(7) are entitled to priority treatment. The section provides for priority treatment of allowed unsecured claims of governmental units as long as such claims are for:

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

11 U.S.C. § 507(a)(7)

## Treatment of New York City's General Corporation Tax

The New York City General Corporation Tax contained in the Administrative Code of New York at section R46–3.0 provides that:

[f]or the privilege of doing business in the city in a corporate or organized capacity for all or any part of each of its fiscal or calendar years, every domestic or foreign corporation, except corporations specified in subdivision four of this section, shall annually pay a tax, upon the basis of its *entire net income,* or upon such other basis as may be applicable as hereinafter provided, for such fiscal or calendar year or part thereof. *Id.* at 376 [Emphasis added].

This language indicates that this tax appears to be based on the business income or gross receipts of a corporation operating in New York City. Consequently, it will be accorded priority status if it meets any of the three criteria set forth in 11 U.S.C. 507(a)(7)(A).

An examination of the claim and the record cannot support a finding that these criteria have been complied with because a portion of the time within which the New York City General Corporation Tax is claimed falls more than three years prior to the date the petition was filed. This court has not been given sufficient information for it to determine whether the debtor has filed return[s] for the applicable periods, whether the debtor was reporting on a calendar or fiscal year, and if a fiscal year was used, what the fiscal period was and whether any extensions of time for filing returns had been granted. Consequently, it is impossible to determine the extent to which the principal tax itself and any interest generated by the tax is entitled to priority treatment. Absent a showing by the debtor of the extent, if any, to which the principal tax claimed is entitled to a priority, and a further showing that at least some portion of the interest claimed has accrued upon tax entitled to priority, we cannot address the question of whether there exists an interest portion of the filed claim whose priority should be considered.

*Treatment of the Commercial Rent or Occupancy Tax*

The Administrative Code of the City of New York imposes a Commercial Rent or Occupancy Tax upon every tenant and provides for an imposition of such tax as a stated percentage of the tenant's base rent (Commercial Rent or Occupancy Tax L46–2.0) as long as such premises are used for commercial activities. The only possible way this tax could be given priority treatment would be if it were in the nature of an *excise tax* and complied with either subdivision (i) or (ii) of section 507(a)(7)(E).*

An excise tax has been defined as " 'a tax imposed upon a particular use of property or the exercise of a single power over property incidental to ownership.' " *Mount Tivy Winery v. Lewis,* 134 F.2d 120, 124 (9th Cir.1943) (quoting *Bromley v. McCaughn,* 280 U.S. 124, 136, 50 S.Ct. 46, 47, 74 L.Ed. 226 (1929)). An excise tax has also been referred to as being "... practically any tax which is not an *ad valorem* tax ..., imposed on the performance of an act, the engaging in an occupation or the enjoyment of a privilege...." *In Re Payne,* 27 B.R. 809, 813 (Bkrtcy.D.Ka.1983) (quoting *Callaway v. Overland Park,* 211 Kan. 646, 651, 508 P.2d 902 (1973)).

This court has been unable to locate any reported cases considering whether the New York City Rent and Occupancy Tax is an excise tax within the parameters of § 507(a)(7)(E). In addition to failing to address the question of whether the Rent and Occupancy Tax is an excise tax, entitled to priority status, the debtor has also not shown the extent to which this tax falls within the three-year period to which § 507(a)(7)(E) is limited. Thus, this court is unable to determine whether the interest generated by the tax is entitled to priority treatment.

The filing of a Proof of Claim is prima facie evidence of the items set forth therein. Bankruptcy Rule 3001(f); *See In Re Ataka Agr. Systems,* 39 B.R. 474, 476

---

* This tax is not a property tax, a withholding tax, employment tax or income tax which are also entitled to priority treatment.

(Bkrtcy.E.D.Va.1984). Since the claimant has not shown that the principle taxes are entitled to priority treatment, this court cannot determine whether the interest included in the claim of the City of New York may be entitled to priority treatment. The motion to reclassify in part the claim of the City of New York is therefore denied.