**In re Lawrence B. GREENE and Helena Greene, Debtors.**

**Bankruptcy No. 85 B 20497.**

United States Bankruptcy Court, S.D. New York.

March 4, 1987.

Barbara Balaber-Strauss, New York City, for trustee.

Helena Greene, pro se.

Peter Greene, pro se.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of this Chapter 7 case has objected to twelve claims filed by the debtors on behalf of various entities and persons, including the debtors' three sons. All of the claims other than the three sons were expunged at a hearing when none of the creditors appeared to

support the claims filed for them. Indeed, the trustee advised the court that Neil Rubin, one of the individuals named in the claims, telephoned her to say that he did not claim that the debtors owed him any money. Debtor, Helena Greene, appeared *pro se* with her son, Peter Greene, and testified with respect to the claims on behalf of the three sons.

### FACTS

1. On October 21, 1985, Lawrence B. Greene and Helena Greene, as husband and wife, filed a joint petition for reorganization under Chapter 11 of the Bankruptcy Code. The case was thereafter converted to Chapter 7 of the Code on February 5, 1986.

2. On October 27, 1986, Helena Greene filed proofs of claim with the Clerk of the Bankruptcy Court purporting to reflect obligations which she and her husband owed to various entities, including the sum of $35,000 and matured interest from June 1, 1979, to each of her three sons, Wayne Greene, Scott Greene and Peter Greene, for a principal total of $105,000.

3. Wayne Greene and Scott Greene defaulted in appearing at the hearing on the objections.

4. Each of the $35,000 obligations was represented by a promissory note dated June 1, 1979, payable to each son on June 1, 1984, with interest at six percent per annum. The notes were signed by Helena Greene, for Lawrence B. Greene and Helena Greene.

5. Helena Greene testified that in 1979 she was the trustee of three bank accounts which she held in trust for her three sons, Wayne, Scott and Peter Greene, who were all minors at that time, being 14, 17 and 19 years of age respectively. She said that her three children were stockholders of a corporation which the debtors controlled, known as Abbot Closures, Inc., a corporation which was then in a bankruptcy proceeding and which has since been liquidated. Helena Greene testified that her three sons received dividends from Abbott Closures, Inc., which she deposited for them in a trust account with the Royal National Bank in New York City, along with various monetary gifts that the boys received on their birthdays and from odd jobs.

6. Mrs. Greene further testified that in June of 1979 she withdrew $35,000 from each of her son's bank accounts in the form of cash which she carried in a suitcase. At that time her corporation, known as Abbot Closures, Inc., had already been adjudicated a bankrupt and the debtors were then operating a new corporation known as Forum Fabrics, Inc. Mrs. Greene deposited the $105,000 from her sons' bank accounts into the Forum Fabrics, Inc. bank account maintained with Bank Hapaolim in New York City. Forum Fabrics also filed for Chapter 11 relief under the former Bankruptcy Act and was ultimately adjudicated a bankrupt.

7. Mrs. Greene testified that while she and her husband operated Forum Fabrics she withdrew over a period of time the sum of $105,000 from the Forum Fabrics' bank account for her own and her family's personal needs. She said that money so withdrawn was the money she had borrowed from her childrens' bank accounts.

8. Aside from the three promissory notes for $35,000 each, which she signed, Mrs. Greene produced no other evidence to show that she and her husband personally borrowed $105,000 from her children. She produced no bank books or statements reflecting that her children had funds totalling $105,000. She produced no withdrawal slips or checks to substantiate a withdrawal from any account. She failed to produce any bank book, deposit slip, bank statement or check to support her claim that she deposited $105,000 in the corporate bank account of Forum Fabrics, Inc. Moreover, she failed to prove that the funds she said she withdrew from the Forum Fabrics' bank account for her personal or family use were related to the funds she said she and her husband borrowed from her childrens' bank accounts. Indeed, if she did borrow money from her children and then deposited such funds in the corporate bank account of Forum Fabrics, Inc. there was no proof to show that such deposit in Fo-

rum Fabrics' bank account was anything other than a contribution by the three sons to the business needs of Forum Fabrics, Inc. Any subsequent withdrawal of $105,-000 from the Forum Fabrics' bank account by Mrs. Green for her personal and family needs would obviously be of interest to the trustee in bankruptcy of Forum Fabrics, Inc.

### DISCUSSION

Pursuant to 11 U.S.C. § 502(a), a properly filed proof of claim is deemed allowed unless a party in interest objects. This provision is a codification of the well-settled practice, as expressed by Mr. Justice Holmes of "treating a sworn proof of claim as some evidence, even when it is denied." *Whitney v. Dresser*, 200 U.S. 532, 536, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906). Such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case. *Simmons v. J.J. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir. 1985); *Global Western Development Corporation v. Northern Orange County Credit Service, Inc.*, 759 F.2d 724, 727 (9th Cir.1985); *In re Gorgeous Blouse Co., Inc.*, 106 F.Supp. 465 (S.D.N.Y.1952). If the objecting party rebuts the claimant's *prima facie* case, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Gorgeous Blouse Co., Inc.* at 465; *Accord, In re Anchorage Boat Sales, Inc.*, 29 B.R. 275, 277 (Bankr.E.D.N.Y. 1983); *In re Georg Jensen, Inc.*, 1 B.R. 239, 245 (Bankr.S.D.N.Y.1979).

In the instant case, the trustee in bankruptcy rebutted the claimants' *prima facie* case. The evidence reveals that in June of 1979 the debtor, Helena Greene, was the trustee of three bank accounts which she maintained for her three minor sons. The debtor testified that she withdrew $105,000 in cash from these accounts and deposited the funds into a corporate bank account maintained by Forum Fabrics, Inc., corporation controlled by the debtors, which has since been liquidated in bankruptcy. This evidence is consistent with a finding that the three claimants had

each made a loan or contribution to Forum Fabrics, Inc.'s capital and that the debtors, Helena Greene and Lawrence Greene, were not personally liable to their three sons. Accordingly, the claimants then had the burden of proving that the debtors, Helena Greene and Lawrence Greene, received $105,000 from them for her personal or family use and that she was indebted to their sons for this money when they filed for relief under the Bankruptcy Code on October 21, 1985.

There was absolutely no proof that the debtor ever withdrew $35,000 from each of her son's bank accounts or that she ever received $105,000 from them in June of 1979 as a personal loan. Indeed, there was no proof that each of the debtors' sons had at least $35,000 in a bank account on June 1, 1979; let alone that their mother withdrew such money for her own or family use. The debtor failed to produce a single bank book, bank statement, deposit slip, check stub or check or any other proof to support her sworn statement that the promissory notes which she introduced in evidence reflect personal obligations on the debtors' part to their three sons.

Having failed to produce sufficient evidence to sustain the claims filed by the debtors on behalf of their three sons, it follows that the trustee's objections to these claims must be granted and the claims will be expunged.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The claimants have failed to sustain their ultimate burden of proof to establish that the debtors, Helena Greene and Lawrence Greene, borrowed $35,000 from each of the three claimants and that they are now indebted to them in the aggregate principal amount of $105,000, together with accrued interest.

3. The trustee's objections to the three claims filed by the debtors, on behalf of

their three sons, are sustained and such claims should be expunged.

SETTLE ORDER on notice.