**In re CHATEAUGAY CORPORATION, Reomar, Inc., the LTV Corporation, et al., Debtors.**

**No. 87 Civ. 8505 (PKL).**

United States District Court, S.D. New York.

Aug. 22, 1989.

See also, Bkrtcy., 104 B.R. 617.

---

Davis Polk & Wardwell (Karen E. Wagner, Sharon Katz, of counsel), Levin & Weintraub & Crames (Herbert S. Edelman, of counsel), New York City, for debtors.

Stroock & Stroock & Lavan (Lawrence M. Handelsman, Mark A. Speiser, Arthur N. Ohringer, Karen Burns–Cummings, of counsel), New York City, for Official Committee of Unsecured Creditors.

---

Doar Devorkin & Rieck (John Jacob Rieck, Jr., of counsel), New York City, Arent, Fox, Dintner, Plotkin, & Kahn (William B. Sullivan, Timothy J. Smith, of counsel), UMWA Health and Retirement Funds, Office of Gen. Counsel (Israel Goldowitz, Thomas S. Gigot, of counsel), Washington, D.C., for Trustees of the United Mine Workers of America Health and Retirement Funds.

## ORDER & OPINION

LEISURE, District Judge:

On July 17, 1986, the LTV Corporation and its Chapter 11 affiliates ("LTV" or "Debtor") filed petitions for reorganization in the Bankruptcy Court for the Southern District of New York, and were continued in the operation of their businesses as debtors and debtors-in-possession.

On July 30, 1987, the bankruptcy court issued a bar order setting November 30, 1987, as the last date for filing proofs of claims against LTV. On November 30, 1987, Joseph P. Connors, Sr., Donald E. Pierce, Jr., William Miller, William B. Jordan and Paul R. Dean, as Trustees of the United Mine Workers of America 1950 Pension Trust, United Mine Workers of America Benefit Plan and Trust, United Mine Workers of America 1974 Pension Trust and United Mine Workers of America 1974 Benefit Plan and Trust (the "Trustees") submitted two proofs of claim for withdrawal liability under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301–1461 (Supp. III 1985), on behalf of the two Pension Plan Funds. Specifically, the Trustees allege that LTV is liable under ERISA for withdrawing from the pension plans. The Trustees simultaneously moved, in this Court, pursuant to 28 U.S.C. § 157(d), to withdraw reference of these two proofs of claims.

LTV applied to the bankruptcy court for an injunction against the Trustees' motions to withdraw reference on the ground that they were filed prematurely. The Trustees opposed LTV's application, arguing that the bankruptcy court lacked jurisdiction or authority to decide the "timeliness" of the motions. At the hearing on January 13, 1988, the Honorable Burton R. Lifland, Chief Bankruptcy Judge, ruled that the "timeliness" issue was indeed a matter for this Court.

The action is currently before the Court on the Trustees' motion to withdraw the reference of jurisdiction to the bankruptcy court, pursuant to 28 U.S.C. § 157(d), over certain claims under Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301–1461 (Supp. III 1985).

## DISCUSSION

Section 157(d) of Title 28 of the United States Code provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

It is obvious from the statutory language that the underlying matter in a motion to withdraw reference must fall within the parameters of a "case" or a "proceeding." Equally obvious is the requirement that the motion be timely. *See. e.g., In re Baldwin–United Corp.,* 47 B.R. 898, 899 (S.D. Ohio 1984). Although the statute itself offers no guidance in determining when a motion is timely, several courts have reached the issue. In *In re Giorgio,* 50 B.R. 327, 328–29 (D.R.I.1985), the court held that a motion to withdraw an adversary proceeding made nearly a year after the adversary complaint was filed was untimely, stating that

[t]he fair intendment of the statute is to ensure that the request for withdrawal be filed as soon as practicable after it has become clear that "other laws" of the genre described in 28 U.S.C. § 157(d) are implicated, so as to protect the court

and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay and the use of stalling tactics. Once it becomes apparent that such an issue is in the case, a party has a plain duty to act diligently—or else to forever hold his peace.

Similarly, in *In re Baldwin–United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985), the court stated that a motion to withdraw reference would be timely "if it was made as promptly as possible in light of the developments in the bankruptcy proceeding" and held that the motion before it did not meet that standard. To be timely, a motion seeking withdrawal must be made at the "first reasonable opportunity." *Id.* at 753.[1]

 In essence, the courts have established a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as evaluated within the specific factual context presented. However, the cases examining § 157(d) deal, almost exclusively, with the meaning of "timely" within the context of a belated filing of a motion to withdraw reference. In the present case, LTV contends that the Trustees' motions are premature. In essence, LTV argues that unless and until the Trustees' claims are objected to under the Bankruptcy Code, there can be no proceeding to withdraw because there are no issues requiring resolution by the Court. Consequently, in resolving the present motions, the Court must also consider the requirement that non-Code issues sought to be withdrawn under § 157(d) be non-speculative and necessary to the resolution of the proceeding. *See, e.g., In re Chateaugay Corp.*, 86 B.R. 33 (S.D.N.Y. 1987); *In re White Motor Corp.*, 42 B.R. 693, at 705. (N.D.Ohio 1984).

In a case involving similar facts, this Court found that a motion to withdraw reference made prior to the filing of an objection to claim was untimely because it was premature. *In re Revere Copper and Brass, Inc.*, Nos. 82 B 12073—82 B 1286, 83 B 10791, 1984 WL 857 (S.D.N.Y. Sept. 12, 1984) (proof of claim for antitrust violation). In *Revere*, Judge Keenan stated:

At present, there is no proceeding before the bankruptcy court that requires the consideration of the Sherman Act or any other law affecting interstate commerce. Movants have filed a proof of claim. That claim, however, has not been objected to. If no objection to movants' claim is interposed, the claim will be allowed without proceedings requiring consideration of the Sherman Act, *see* 11 U.S.C. § 502(a), as the proper filing and execution of a proof of claim constitutes prima facie evidence of its validity and amount. Bankruptcy Rule 3001(f).... Until an objection to the claim has been filed, there is no need for any court, Article III or Article I, to consider whether the claim is valid under the Sherman Act.

*Revere, supra,* slip op. at 3.

The Bankruptcy Code and Bankruptcy Rules set forth procedures applicable to all creditors for filing proofs of claim and for the allowance and adjudication of proofs of claim in a reorganization proceeding. Pursuant to Bankruptcy Rules 3001–03, creditors may file proofs of claim against the debtor. Bankruptcy Rule 3001(f) provides

---

1. The Trustees, citing *In re Baldwin–United Corp., supra,* suggest that they must file their withdrawal motions at the same time they file their proofs of claim in order to avoid a timeliness challenge to their withdrawal motions under 28 U.S.C. § 157(d). The Trustees are incorrect. *Baldwin–United* involved a motion that was filed too late, not a motion filed prematurely. The *Baldwin–United* court did not hold that a motion to withdraw reference need be filed at the same time as a proof of claim in order to be timely. Rather, the Court dismissed the withdrawal motions as untimely because the parties seeking withdrawal had not so moved at the "first reasonable opportunity." *Id.* at 753.

There had been prior litigation between the parties both in a district court and in the bankruptcy court with respect to the very same liabilities asserted in the proofs of claim and thus the subject matter sought to be withdrawn had been raised previously. *See also In re Chateaugay,* 86 B 11270—86 B 11334, 86 B 11402, 86 B 11464 (S.D.N.Y. July 17, 1987) (finding untimely a motion to withdraw the reference where issues sought to be withdrawn had arisen previously in related litigation in the bankruptcy court and had not been withdrawn at that time). It is undisputed that no related issue has been raised between LTV and the Trustees in a prior litigation.

that a proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f); *see also In re Revere Copper and Brass, Inc., supra; In re Standard Johnson Co.,* 67 B.R. 176, 178 (Bankr.E.D.N.Y. 1986); *In re Micro–Acoustics Corp.,* 34 B.R. 279, 282 (S.D.N.Y.1983). Unless objected to, a claim which is the subject of a properly filed proof of claim is deemed allowed, "regardless of [its] underlying legal basis." *In re Baldwin–United Corp.,* 57 B.R. 751, 757 (S.D. Ohio 1985); *see also* 11 U.S.C. § 502(a); *In re Greene,* 71 B.R. 104, 106 (Bankr.S.D.N.Y.1987). Should the debtor or any other party in interest, pursuant to Bankruptcy Rule 3007, file an objection to a claim, a contested matter is initiated, *see* Bankruptcy Rule 9014, or if the debtor includes with the objection a counterclaim seeking any of the forms of relief specified in Bankruptcy Rule 7001, an adversary proceeding is commenced through which the claim may be resolved. *See* Bankruptcy Rule 3007.

An examination of the facts in the present case demonstrates that there is as yet, no cognizable proceeding as to which the reference may be withdrawn. As of this time, the Trustees filed proofs of claims against the Debtor. Under the Bankruptcy Code, a filed proof of claim is deemed allowed if no objection is interposed thereto. Bankruptcy Rule 3007 provides that, upon objection to a proof of claim, a contested matter is initiated and that such objection, joined with a demand for relief, gives rise to an adversary proceeding. In the case at bar, there has been no objection by the Debtor to the proofs of claim. Therefore, at this time the claim is deemed allowed; there is as of yet no "proceeding" or "case" under § 157(d).

The Trustees contend, nevertheless, that the peculiar, statutorily mandated procedures under ERISA for determining withdrawal liability and their interplay with the Bankruptcy Code, raise immediate issues for this Court to decide. Specifically, the Trustees allege that there is presently a conflict between ERISA and the Bankruptcy Code over how to determine withdrawal liability. ERISA provides the following procedure for determining withdrawal liability: (1) the Trustees' determining and notifying LTV of its withdrawal liability and demanding payment, 29 U.S.C. § 1382; (2) LTV's requesting, and the Trustees' granting, review of the withdrawal liability determination, 29 U.S.C. § 1399; and (3) LTV's electing arbitration if, after the review procedure, it disagrees with the Trustees' withdrawal liability determination, 29 U.S.C. § 1401. The Trustees contend that these procedures and their interplay with the Bankruptcy Code, raised immediate issues for the Court to decide.

However, the Trustees have offered no authority for the proposition that a mere theoretical conflict between the Bankruptcy Code procedures and a different statutorily mandated procedure make a motion to withdraw reference timely under § 157(d). Each case cited by the Trustees for this proposition involved either an adversary proceeding or an objected to notice of claim. *See In re Johns–Manville Corp.,* 63 B.R. 600 (S.D.N.Y.1986) (adversary proceeding seeking declaratory judgments concerning conflict between Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and Bankruptcy Code's automatic stay); *In re Combustion Equipment Associates, Inc.,* 67 B.R. 709 (S.D.N.Y.1986) (same); *Pension Benefit Guaranty Corporation v. The LTV Corp.,* 9 E.B.C. 1048, 86 B.R. 33 (S.D.N.Y.1987) (conflict between restoration provision of ERISA and automatic stay).

In the present case, if LTV does not object to the notice of claims, any potential ERISA issues will not arise. Accordingly, at this time, there is no issue properly before this Court for resolution. The mere fact that at the time of the filing of claims there is some recognition that ERISA may impact in the bankruptcy proceeding is insufficient. Accepting the Trustees' interpretation of § 157(d), moreover, would not only disrupt the negotiations in the bankruptcy case, and, thereby, delay formulation of a reorganization plan, but would also result in what may be unnecessary and wasteful judicial proceedings. The Court

finds that in the instant case, the first reasonable opportunity to move for withdrawal of the reference will be after objections to the claims are made, that is, after it is established that there is, in fact, a dispute between the parties which will require some form of judicial resolution. The motions to withdraw reference are premature.

## CONCLUSION

The motions to withdraw the reference to the bankruptcy court, pursuant to 28 U.S.C. § 157(d), are hereby dismissed as untimely.

SO ORDERED.