108 B.R. 27 (1989)
In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, et al., Debtors.
PENSION BENEFIT GUARANTY CORPORATION, Petitioners,
v.
OFFICIAL PARENT CREDITORS' COMMITTEE OF the LTV CORPORATION et al., and its Non-Steel Subsidiaries as Debtors-in-Possession,
and
Chateaugay Corporation, Reomar, Inc., The LTV Corporation et al., Respondents.
No. 89 Civ. 6012 (KTD).
United States District Court, S.D. New York.
October 17, 1989.
Cleary, Gottlieb, Steen & Hamilton (George Weisz, of counsel), New York City, for petitioner Pension Benefit Guar. Corp.
Davis Polk & Wardwell (Lewis B. Kaders, Karen Wagner, of counsel), Levin & Weintraub & Crames, (Michael Cranes, of counsel), New York City, and LeBoeuf, Lamb, Leiby & MaCrae (Frank Cumming, of counsel), Washington, D.C., co-counsel for debtors.
Stroock & Stroock & Lavan (Brian Cogan, of counsel), Myerson & Kuhn (Lloyd Clareman, of counsel), New York City, for the Official Committee of Equity Security Holders of The LTV Steel Corp.
Blank, Rome, Comisky & McCauley (Thomas Biron, of counsel), Philadelphia, *28 Pa., for the Official Parent Creditors' Committee.
Kramer, Levin, Nessen, Kamin & Frankel (Zoel Zweibel, of counsel), New York City, for Unofficial Bank Creditors' Committee.

MEMORANDUM & ORDER
KEVIN THOMAS DUFFY, District Judge:
The Pension Benefit Guaranty Corporation ("PBGC") moves, by order to show cause, for withdrawal from the bankruptcy court, pursuant to 28 U.S.C. § 157(d) (1982 & Supp. III 1985), certain objections and counterclaims to proofs of claims filed by PBGC in ongoing bankruptcy proceedings involving The LTV Corporation ("LTV") and affiliated debtors before the Hon. Burton R. Lifland of the United States Bankruptcy Court for the Southern District of New York. LTV and its affiliated debtors oppose the withdrawal of reference from the bankruptcy court.[1]
PBGC is a wholly-owned United States Government corporation established under § 4002 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1302 (1982 & Supp. IV 1986), to administer the pension plan termination insurance program created under Title IV of ERISA, 29 U.S.C. §§ 1301-1461. When a pension plan covered by Title IV of ERISA terminates without sufficient funds to pay benefits guaranteed under Title IV, PBGC takes over the assets and liabilities of the plan and makes up any deficiency in plan assets from its own funds.
In its statutory role, PBGC took over the assets and liabilities of four pension plans covered by Title IV of ERISA, which were sponsored and administered by related debtors in the LTV bankruptcy proceeding, and filed numerous claims for the liability amounts provided for in 29 U.S.C. § 1362. Since that time, counsel for PBGC has taken every opportunity to request that the district court withdraw the reference from the bankruptcy court with respect to other aspects of the bankruptcy proceeding in which PBGC is involved.
PBGC now argues that the reference of all objections and counterclaims to PBGC's claims must be withdrawn from the bankruptcy court pursuant to 28 U.S.C. § 157(d) because resolution of the issues raised will require material and substantial consideration of both ERISA and the Bankruptcy Code. Section 157(d) provides:
The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
There is no question here that ERISA is a federal statute regulating interstate commerce.
Consistent with the statutory language, withdrawal of the reference is mandated in any case in which "substantial and material consideration" of federal statutes other than the Bankruptcy Code is "necessary for the resolution of a case or proceeding." In re Chateaugay Corp., 86 B.R. 33, 36 (S.D.N.Y.1988) (quoting In re White Motor Corp., 42 B.R. 693, 703, 704 (N.D.Ohio 1984) (emphasis in original)). Congress intended that such withdrawal be required when this standard is met, and that it not be a matter within the district court's discretion. See, e.g., In re Combustion Equip. Assoc., Inc., 67 B.R. 709, 711 (S.D.N.Y.1986).
As PBGC's petition sets forth in detail, several objections and counterclaims to PBGC's claims directly challenge the constitutionality of several ERISA provisions, *29 and others raise substantial novel issues of interpretation under Title IV of ERISA. For example, the debtors raise issues regarding the concept and constitutionality of joint and several liability under ERISA, which arise from PBGC's claims for the liability ERISA imposes upon a plan sponsor and each member of the sponsor's controlled group. Determination of those issues would entail material and substantial considerations of numerous ERISA provisions as well as constitutional provisions. Withdrawal of this proceeding is therefore mandatory.
However, I acknowledge Judge Lifland's familiarity with the parties and issues in this core bankruptcy proceeding, which has been before him since mid-1986. It is up to him to initially resolve all of the problems of the bankruptcy, no small portion of which is represented by PBGC's claims. The interests of judicial economy and expediency will best be served by his continued participation in the matters at issue here. I therefore refer the proceedings to Judge Lifland for findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1), subject to de novo review by this court. See PBGC v. Wheeling Pittsburgh Steel Corp., Nos. 85-2030, 85-2406, 87-355 (W.D.Pa. Jan. 7, 1988) (core proceedings involving ERISA and Bankruptcy Code referred back to Bankruptcy Judge for proposed findings and conclusions). Accord In re U.S. Truck Company Inc., 47 B.R. 932, 933 n. 1 (E.D. Mich.1985).
Section 157(c)(1) provides:
A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of facts and conclusions of law to the district court, and any final order of judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
Indeed, this remand procedure is consistent with Congressional intent as evinced in recent amendments to ERISA. Bankruptcy judges are now expressly empowered to determine pension plan termination issues raised in Chapter 11 proceedings.[2] § 4041(c)(2)(B)(ii)(III), 29 U.S.C. § 1341(c)(2)(B)(ii)(III) (Supp. V 1988).
In sum, PBGC's motion to withdraw from the bankruptcy court objections and counterclaims to PBGC's proof of claims is granted. The matter, however, is respectfully referred to the bankruptcy court for findings of fact and conclusions of law pursuant to § 157(c)(1).
SO ORDERED.
NOTES
[1] A hearing pursuant to the order to show cause was scheduled to take place on October 3, 1989. On that date, an oral motion was made to admit counsel appearing for PBGC pro hac vice, none of whom were admitted to practice in this district. Because the requisite motion and certificate of good standing were not filed with the court as required by Local Rule 2(c), the motion for admission was denied. Government counsel, including counsel representing government corporations, must comply with the procedures mandated by the Local Rules. PBGC's motion was then marked submitted.
[2] Collier on Bankruptcy notes that while the absence of a provision in § 157(d) providing for the bankruptcy judge to make proposed findings of fact and conclusions in such matters might lead to the conclusion that the case must be tried by a district judge, "[j]ust as likely is the conclusion that the trial might be before the bankruptcy judge and the dispositive order made by the district judge under section 157(c)(1) procedures." 1 Collier on Bankruptcy ¶ 3.01, at 3-65 (15th ed. 1987).