**In re OIL CO., INC., d/b/a Eagle Oil, Debtor.**

**In re KAPCO PETROLEUM CORPORATION, Debtor.**

**Nos. 92–CV–1223 (TCP), 92–CV–1526 (TCP).**

United States District Court, E.D. New York.

April 30, 1992.

---

Peter Sklarew and Andrew D. Plepher, U.S. Dept. of Justice, Tax Div., Washington, D.C., and Patricia Henry, Sp. Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Marvin E. Kramer, Kramer & Fisherman, Brooklyn, N.Y., for debtor Oil Co.

R. Kenneth Barnard, Rosen & Barnard, Huntington, N.Y., for debtor Kapco Petroleum Corp.

## AMENDED MEMORANDUM AND ORDER

PLATT, Chief Judge.

This matter involves an alleged "daisy chain" conspiracy designed to avoid federal excise tax on gasoline and the attempts by the Internal Revenue Service and the Department of Justice to secure the tax allegedly so avoided. Two members of this alleged conspiracy, Oil Co. Inc. ("Oil Co.") and Kapco Petroleum Corporation ("Kapco"), have each filed for bankruptcy under

---

1. For example, a daisy chain conspiracy was described in *United States v. Musacchia*, 900 F.2d 493 (2d Cir.1990), *cert. denied,* —— U.S.

Chapter 11. Before the Court is the Internal Revenue Service's motion partially to withdraw the references in these two bankruptcy cases.

On March 23, 1992, this Court heard arguments on two overlapping and related Orders to Show Cause brought on by the United States of America, by its agency the Internal Revenue Service ("IRS"). By the first Order to Show Cause, the IRS seeks leave to appeal from an interlocutory order, entered March 4, 1992 by Bankruptcy Judge John Hall, that sets a March 30, 1992 trial date for the IRS claim against debtor Oil Co.'s estate for tax liability and the debtor's objections thereto. The IRS also seeks a stay of said trial pending appeal pursuant to Bankruptcy Rule 8005. By the second Order to Show Cause, the IRS seeks an Order from this Court pursuant to 28 U.S.C. § 157(d) partially withdrawing the referrals of the Oil Co. and Kapco bankruptcies to the extent that they relate to the IRS' tax claim.

At the Order to Show Cause hearing, this Court ordered a stay of the March 30, 1992 bankruptcy court trial but chose to review the application for a partial withdrawal of the references on submission. For the reasons set forth below, this Court now finds that the referrals in both bankruptcies must be withdrawn.

## BACKGROUND

When gasoline is sold in bulk, the selling entity must pay a federal excise tax pursuant to either section 4081 or 4041 of the Internal Revenue Code ("I.R.C."). 26 U.S.C. § 4041, 4081 (1988). The selling entity can avoid this tax, however, if the purchasing entity registers with the I.R.S. and obtains a certain certificate or form. The registration form needed to avoid excise taxes is called a "Registration for Tax–Free Transactions" form, also known as a "Form 637." The basic goal of a daisy chain conspiracy is to avoid paying the excise tax imposed under sections 4041 and 4081.[1] In the instant case, as described in

---

——, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991). There, a corporation with a valid Form 637 "would purchase tax-exempt gasoline from vari-

more detail below, the IRS alleges that Oil Co., and to a lesser extent Kapco, participated in a similar conspiracy.

### A. *Oil Co.*

Oil Co. operated a gasoline and fuel oil terminal in Inwood, New York. Oil Co. filed for a chapter 11 bankruptcy on November 14, 1990. On February 13, 1991, the IRS Special Procedures unit filed a claim in connection with the Oil Co.'s bankruptcy case specifying $52 million in excise taxes that Oil Co. allegedly avoided by its participation in the daisy chain scheme. Oil Co. did not promptly file an objection to that claim. On December 17, 1991, pursuant to a motion by one of Oil Co.'s major creditors, M. Spiegel & Sons Oil Corp., Oil Co.'s voluntary bankruptcy under chapter 11 was converted to an involuntary bankruptcy under chapter 7 by oral Order of Judge Hall. However, two days later and before a formal order was entered, Oil Co. filed a motion to reargue. At the hearing of that motion, on February 4, 1992, Judge Hall ordered debtor's counsel to immediately file an objection to the federal tax claim and to file a proposed plan of reorganization by April 30, 1992.

The next day, on February 5, 1992, Oil Co. filed an objection to the IRS claim and noticed a hearing on the objection for February 20, 1992. The IRS filed a preliminary response to the claim objection on February 14, 1992. Oil Co. filed a reply affirmation on February 20, 1992. At the February 20, 1992 hearing, the IRS stated that it would soon make an assessment against the joint venture or partnership—the conspiratorial ring—for the last two quarters of 1987 and that the Department of Justice would thereafter commence an action in District Court to reduce that assessment to judgment. Thus the IRS sought (i) a stay pending this assessment, (ii) a lifting of the automatic stay to permit

Oil Co. to be named as a defendant in said action; and (iii) an order holding Oil Co.'s objection to the IRS tax claim in abeyance while such District Court action proceeded. Alternatively, the IRS sought a period of discovery as provided for in Bankruptcy Rule 9014.

At the end of the February 20, 1992 hearing, Judge Hall ruled from the bench as follows: (i) he denied all of the relief requested by the IRS; (ii) he set trial to resolve the IRS tax claim and the debtor's objections thereto to commence on March 30, 1992; and (iii) he barred discovery by the IRS on its claim and the debtors objections. The written order barring discovery and setting the matter on for trial was entered March 4, 1992.

### B. *Kapco.*

In April, 1991, the IRS advised Kapco that it proposed to assess Kapco in the amount of $4,080,641 in connection with the same "daisy chain" conspiracy in which Oil Co. is alleged to have participated. Kapco filed its bankruptcy petition on May 17, 1991.

The IRS never filed a tax liability claim in Kapco's bankruptcy case. Rather Kapco brought an adversary proceeding, No. 091–7141–21, contesting the tax liability, if any, as alleged in the April, 1991 letter.[2] In its Answer (to the complaint in the adversary proceeding) the IRS maintained that it would reduce its assessment against Kapco, and hold it responsible only for "gasoline distribute through [kapco] and to [kapco's] customers." In light of this, the Answer suggested to the bankruptcy court that the adversary proceeding be stayed until such time as the IRS could determine the correct assessment. Kapco's counsel did not object to this, and the proceeding has been held in abeyance as suggested.

In the present motion, the IRS seeks a partial withdrawal of the references in both

---

ous suppliers and then create fictitious invoices for sales to transient front companies ... formed for the specific purpose of evading taxes. These companies had valid Forms 637 and operated only long enough to allow [the original corporation] to document the fictitious sale." *Id.* at 495–96.

2. IRS spoke to Kapco's counsel and suggested that the bankruptcy, which apparently had been filed only because of the April, 1991 letter, be terminated and that the issue of tax liability, if any, be considered in District Court. Kapco's counsel insisted that the issue be resolved in bankruptcy court.

the Oil Co. and Kapco bankruptcies. Specifically, the IRS seeks to withdraw the claim objection proceeding in the Oil Co. bankruptcy and the adversary proceeding in the Kapco case. Both of the these proceedings involve the same alleged conspiracy and the federal excise tax on gasoline allegedly avoided therein.

## DISCUSSION

In the wake of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress passed 28 U.S.C. § 1334 which provides that the District Courts shall have original and exclusive jurisdiction of all cases under Title 11. Under 28 U.S.C. § 157, however, district courts may refer bankruptcy cases to the bankruptcy courts. Pursuant to the standing order dated August 28, 1986, all bankruptcy cases in the Eastern District of New York are so referred. Section 157(d) of Title 28, on the other hand, provides that

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

28 U.S.C. § 157(d) (1988). The question presented to the Court is whether a partial reference of the claim objection proceeding in the Oil Co. case and the adversary proceeding in the Kapco case is appropriate, or required, under section 157(d).

### A. *Permissive Withdrawal*

 Permissive withdrawal on motion of one of the parties, as here, is available only if that motion is timely and for "cause shown." Although, section 157(d) "offers

no guidance in determining when a motion is timely," *In re Chateaugay Corp.*, 104 B.R. 622, 623 (S.D.N.Y.1989), "courts have established a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as evaluated within the specific factual context presented." *Id.* at 624. The Court finds that the motion to withdraw in these cases was timely filed. Although the IRS claim was filed in Oil Co. on February 13, 1991, debtor Oil Co. did not file its objection to that claim until nearly a year later, on February 5, 1992. The instant motion was brought on by Order to Show Cause signed by this Court on March 17, 1992.

In *In re Revere Copper and Brass, Inc.*, 1984 WL 857 (S.D.N.Y. Sept. 12, 1984), Judge Keenan found that a motion seeking to withdraw the reference made prior to the filing of a claim objection was "untimely" not because of lateness but rather because the motion was made prematurely; that is before the claim objection was filed. *See In re Chateaugay*, 104 B.R. at 624. In the instant case, the IRS waited only about six weeks from the time Oil Co. filed its claim objection to file its Order to Show Cause. Under the circumstances of the Oil Co. case, this wait was not impermissibly long and the IRS' motion was timely made.[3]

What constitutes "cause" for discretionary withdrawal of the bankruptcy withdrawal has not been well settled in this circuit. *See In re Southold Development*, 129 B.R. 18, 20 (E.D.N.Y.1991) (Wexler, J.) (citing 1 Collier on Bankruptcy, ¶ 3.01 at 3–63 (15th ed. 1990)). Nevertheless, other courts have listed factors that may be considered in determining a motion for permissive withdrawal under section 157(d): to wit, (i) uniformity in bankruptcy administration, (ii) reduction of forum shopping and confusion; (iii) fostering the economical use of debtors' and creditors' resources; and (iv) expediting the bankruptcy process.

---

3. In the Kapco case, the adversary proceeding was brought on by the debtor in September, 1991. By agreement of the parties, however, the adversary proceeding was held in abeyance pending further I.R.S. investigation into the vol-

ume of gas sold through Kapco in connection with the conspiracy. Under these circumstances, the Court also finds the I.R.S.' motion viz a viz the Kapco case timely filed.

**34**

See *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990) (quoting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)).

■ In this case the IRS alleges that a multi-party conspiracy has, through manipulation of various federal tax statutes and regulations, avoided tens of millions of dollars of excise taxes on gasoline. The IRS further alleges that as it continues to investigate the conspiracy, more of the corporations and entities involved are likely to file for bankruptcy.[4] Accordingly, the same issue of tax liability would arise in future bankruptcy cases if other members of the alleged conspiracy were to file for bankruptcy. This Court can think of no greater waste of this District's already overworked resources than to litigate the issue of tax liability involved in a single alleged conspiracy one bankruptcy case at a time. Rather it would expedite the bankruptcy process, foster the economical use of both debtors' and creditors' resources in this instance, and save already scant judicial time and resource to, in effect, litigate the conspiracy charge and the tax liability claims associated therewith in one consolidated proceeding. For this reason, the Court finds that discretionary withdrawal of the claim objection in the Oil Co. case and the adversary proceeding in the Kapco case is appropriate.

### B. *Mandatory Withdrawal*

■ It is also clear to the Court that the mandatory withdrawal provisions of section 157(d) apply in this case. Under section 157(d), "Withdrawal of the reference is mandatory in any case in which 'substantial and material consideration' of federal statutes other than the Bankruptcy Code is 'necessary for the *resolution* of a case or proceeding.'" *In re Chateaugay Corp.*, 108 B.R. 27, 28 (S.D.N.Y.1989) (citations omitted). The Second Circuit has noted, in *dicta*, that section 157(d) requires "withdrawal to the district court of cases or issues that would otherwise require a bankruptcy court judge to engage in significant

interpretation, as opposed to simple application, of federal laws *apart* from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991).

The IRS argues that the claim objection proceeding in the Oil Co. case and the adversary proceeding in the Kapco case would call for such an interpretation of 26 U.S.C. ("I.R.C.") §§ 4041, 4081 and 4222. Very generally, section 4041 imposes a tax upon the sale of diesel fuel and special motor fuels used in highway vehicles, *see* I.R.C. § 4041(a), and for noncommercial aviation, *see* I.R.C. § 4041(c). There are various exemptions, *see, e.g.*, 4041(b) (exemption for off-highway business use); 4041(f) (exemption for farm use); 4041(f) (exemption for certain aircraft museums). Section 4041 also adds a tax to contribute toward the Leaking Underground Storage Tank Trust Fund, *see* 4041(d), and, interestingly, provides for a reduction of the tax imposed on fuels containing more than a certain percentage of alcohol, *see* 4041(k) and 4041(m). Section 4081 imposes a tax on the "earlier of (a) the removal, or (B) the sale, of gasoline by the refiner or importer thereof or the terminal operator." I.R.C. § 4081(a). Section 4222, and the regulations promulgated thereunder, provide for an exemption from the tax imposed under sections 4041 and 4081, *inter alia*, if the company selling or buying the gasoline or other fuel is registered.

This Court has little doubt that these non-bankruptcy code provisions regulate "organizations or activities affecting interstate commerce" for purposes of section 157(d). The question presented is whether the issues raised in the claim objection proceeding and the adversary proceeding call for a significant interpretation, as opposed to the mere application, of these federal statutes.

In *In re Chateaugay Corp.*, 108 B.R. 27 (S.D.N.Y.1989), Judge Duffy found that partial withdrawal of the bankruptcy reference was mandatory under section 157(d) because a claim objection proceeding in the

---

4. The I.R.S. notes that Kapco filed bankruptcy immediately after being informed that they were under investigation on the excise tax evasion scheme.

bankruptcy court called for novel questions addressing certain provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See id.* at 28–29. The Court stated that "[d]etermination of [the issues in the claim objection proceeding] would entail material and substantial consideration of numerous ERISA provisions as well as constitutional provisions. Withdrawal of this proceeding is therefore mandatory." *Id.* Similarly, in *In re Pan Am Corp.*, 133 B.R. 700 (S.D.N.Y.1991), on a motion to withdraw a claim objection proceeding, the District Court found that the proceeding called for consideration of the interaction between provisions of both ERISA and the Internal Revenue Code, and granted the motion for mandatory withdrawal under section 157(d). The Court noted that the statutory interpretation required to resolve the claim objection raised an issue of first impression. *See id.* at 703.

The Court's own research has yet to reveal any case raising the issues of tax avoidance under I.R.C. sections 4041, 4081 and 4222 that are raised in the claim objection and adversary proceedings underlying this motion. *Cf. United States v. Musacchia*, 900 F.2d 493 (2d Cir.1990) (defendant convicted for wilfully failing to pay gasoline excise tax in violation of 18 U.S.C. § 371 and 26 U.S.C. §§ 7201, 7202 and 7206(2)). If the IRS merely alleged that Oil Co. and Kapco failed, either wilfully or negligently, to pay the excise tax, the issues in the proceedings below may very well only call for mere application of the particular I.R.C. provisions. However, where (as here) the IRS has alleged a multiparty conspiracy that has employed the very provisions of the Internal Revenue Code at issue to avoid the tax imposed thereunder, a different and somewhat more complex situation obtains. Due to this complexity and the fact that the issue raised by the government's allegations in this case appear to be ones of first impression, the Court finds that partial withdrawal of the references in the Oil Co. and Kapco bankruptcy cases is required.

## CONCLUSION

For the reasons set forth above, the government's motion to withdraw the ref-

erences of the claim objection proceeding in the Oil Co. case and the adversary proceeding in the Kapco case is granted. The Clerk of the Court is hereby directed to consolidate these proceedings into the civil cause number 92–CV–1223 (TCP).

SO ORDERED.